## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTRAZENECA PHARMACEUTICALS LP,<br>ASTRAZENECA UK LIMITED,<br>IPR PHARMACEUTICALS, INC., and<br>SHIONOGI SEIYAKU KABUSHIKI KAISHA, | )<br>)<br>)<br>)<br>) | |
| *Plaintiffs,* | )<br>) | C.A. No. 07-810-JJF-LPS |
| v. | )<br>) | REDACTED PUBLIC<br>VERSION |
| AUROBINDO PHARMA LIMITED, and<br>AUROBINDO PHARMA USA, INC., | )<br>)<br>) | |
| *Defendants.* | )<br>) | |

## AUROBINDO USA, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1)

February 15, 2008

OF COUNSEL:

MICHAEL BEST & FRIEDRICH LLP
Thomas P. Heneghan, Esquire
Jeffrey S. Ward, Esquire
Edward J. Pardon, Esquire
One South Pinckney Street, Suite 700
Madison, WI 53703
(608) 257-3501

BAYARD, P.A.

Richard D. Kirk (rk0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Defendants,
AUROBINDO PHARMA LTD.,
AUROBINDO PHARMA USA, INC.

TABLE OF AUTHORITIES .................................................................................... iii

I.     INTRODUCTION ...................................................................................... 1

II.    SUMMARY OF ARGUMENT .................................................................. 1

III.   BACKGROUND ........................................................................................ 1

       A.    Regulatory And Statutory Background.................................................. 1

       B.    Factual Background ............................................................................ 4

IV.    ARGUMENT.............................................................................................. 6

       A.    Subject Matter Jurisdiction is Lacking Over Count I of the Complaint
             Because Aurobindo USA Did Not File an ANDA ................................. 6

             1.    Aurobindo USA is Not the ANDA Applicant and Therefore Did
                   Not Submit the ANDA For FDA Approval As Required By
                   § 271(e)(2) ................................................................................... 7

             2.    Plaintiffs' Jurisdictional Allegations are Unsupported .................... 11

             3.    Plaintiffs' Jurisdictional Allegations Should be Rejected Because
                   They Appear Immaterial and Solely for the Purpose of Gaining
                   Personal Jurisdiction Over Aurobindo India............................... 12

       B.    Count II Should Be Dismissed Because There Is No Actual Controversy.......... 13

             1.    Legal Standard for Establishing Declaratory Judgment Jurisdiction....... 13

             2.    Aurobindo USA's Only Activities Arguably Directed Toward
                   Future Possible Infringement Under § 271(a) Fall Under the "Safe
                   Harbor" of §271(e)(1) .................................................................. 14

             3.    Plaintiffs' Future Infringement Allegations are Predicated on
                   Activities that are Highly Unpredictable and Too Remote in Time
                   to be Real and Immediate ............................................................ 15

             4.    Permitting A Declaratory Judgment Action Undermines the Hatch-
                   Waxman Act and Is Unnecessary ................................................. 17

             5.    Even If the Court Finds Jurisdiction, the Court Should Exercise Its
                   Discretion and Decline Declaratory Judgment Jurisdiction
                   Consistent With the Intent of the Hatch-Waxman Amendments........... 18

V.     CONCLUSION............................................................................................ 20

## TABLE OF AUTHORITIES

**Federal Cases**

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 05-590, 2006 U.S. Dist. LEXIS 57469 (D. Del. Aug. 16, 2006) ................................................................................................ 20

*Abbott Labs. v. Zenith Labs.*, Inc., 934 F.Supp. 925, 935 (N.D.Il. 1995) .............................. 19, 22

*Allergan, Inc., v. Alcon Labs., Inc.*, 324 F.3d 1322, 1330 (Fed. Cir. 2003) ........................ 4, 8, 20

*Aventis Pharma Deutcshland GmBH v. Lupin, Ltd.*, 403 F. Supp.2d 484 (E.D.Va. 2005) ........... 9

*Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007) ......................... 15

*Eli Lilly and Co. v. Medtronic, Inc.*, 496 U.S. 661, 676 (1990) ..................................... 3, 5, 10, 20

*Evancho v. Fisher,* 423 F.3d 347, 350 (3d Cir. 2005) ................................................................ 18

*In re Barr Labs., Inc.*, 930 F.2d 72, 76 (D.C. Cir. 1991) ............................................................... 2

*Intermedics v. Ventritex, Co.*, 1993 U.S. App. LEXIS 3620 (Fed. Cir. 1993) ........................... 23

*Intermedics v. Ventritex, Co.*, 775 F. Supp. 1269 (N.D. Cal. 1991) .......................................... 22

*Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) ................................................................. 18

*Lang v. Pacific Marine & Supply Co.*, 895 F.2d 761, 763 (Fed. Cir. 1990) ................... 16, 17, 19

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) ........................... 16

*MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007) ......................................... 15, 16

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ......................... 13

*Mylan Laboratories, Inc. v. Thompson*, 389 F.3d 1272, 1276-77 (D.C. Cir. 2004) ...................... 5

*Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3rd Cir. 2003) ......................................... 13, 15

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) ............................................................................ 18

*SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007) ............. 16, 17

*Schering-Plough Corp. v. FTC*, 402 F.3d 1056, 1058 n.2 (11th Cir. 2005) ............................... 22

*Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991) ........................... 16, 21

*Steel Co. v. Citizens for a Better Env'n.,* 523 U.S. 83, 89 (1998) ............................................. 15

*Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1358 (Fed. Cir. 2003) ....................... 2, 22

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ............................................................ 16, 21

*Wyeth v. Lupin Pharm.*, Inc, 505 F. Supp.2d 303 (D.Md. 2007) ................................................ 9

*Wyeth v. Ranbaxy Labs., Ltd.*, 448 F. Supp. 2d 607, 609 (D.N.J. 2006) ................................... 18

**Federal Statutes**

21 U.S.C. § 355(b) .................................................................................................................. 2, 3

21 U.S.C. § 355(c) ...................................................................................................................... 2

28 U.S.C. § 1338(a) ....................................................................................................... 4

35 U.S.C. § 271(a) ....................................................................................................... 6

35 U.S.C. § 271(e) ................................................................................................. passim

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(1) ..................................................... 1, 7, 11, 13

**Federal Regulations**

21 C.F.R. § 314.3(b) ..................................................................................................... 8

21 C.F.R. § 314.50(a) ................................................................................................... 3

21 C.F.R. § 314.53(e) ................................................................................................... 2

21 C.F.R. § 314.94 .............................................................................................. 2, 3, 6, 9

21 C.F.R. § 314.95 ...................................................................................................... 3, 5

47 Fed. Reg. 46622 ....................................................................................................... 9

## I. INTRODUCTION

Defendant Aurobindo Pharma USA, Inc. ("Aurobindo USA") hereby moves for an Order dismissing Plaintiffs' Complaint (D.I. 1) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. SUMMARY OF ARGUMENT

The Court lacks subject-matter jurisdiction over the Complaint (D.I. 1) against Aurobindo USA because:

1.    Aurobindo USA is not the ANDA filer and therefore it did not commit the "artificial" act of infringement under 35 U.S.C. § 271(e)(2)(A) to vest this Court with subject-matter jurisdiction under 28 U.S.C. § 1338(a) over Count I of the Complaint (D.I. 1 at pp. 6-7 ¶¶20-25); and

2.    There is no substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment since the FDA cannot immediately approve the ANDA application due to the 30-month stay, and all the activities performed in connection with the preparation of the ANDA application and its approval process in the FDA are protected under the "safe harbor" provision of the Hatch-Waxman Act.  35 U.S.C. § 271(e)(1).  Therefore, the Court lacks subject-matter jurisdiction over Count II of the Complaint (D.I. 1 at pp. ¶¶26-31).

## III. BACKGROUND

Count I of Plaintiffs' Complaint arises under the Hatch-Waxman Act.[1]  The Hatch-Waxman Act amended the patent and drug laws "to get drugs into the hands of patients at

---

[1] The "Hatch-Waxman Act" is formally known as the Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L. No. 98-417, 98 Stat. 1585 (1984) (codified as amended at 21 U.S.C. § 355 and 35 U.S.C. § 271).

1

reasonable prices – fast." *In re Barr Labs., Inc.*, 930 F.2d 72, 76 (D.C. Cir. 1991) . To achieve

that end, the Act struck a compromise between the competing interests of brand name and

generic drug manufacturers. *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1358 (Fed.

Cir. 2003). A brief outline of the pertinent statutory and factual background is provided below.

This particular action is brought by Plaintiffs to prevent generic competition with Crestor,[®] their

brand name for the drug rosuvastatin calcium, which is used for the treatment of

hypercholesterolemia.

Count II of Plaintiffs' Complaint is not an action pursuant to the Hatch-Waxman Act, but

instead seeks declaratory relief for alleged infringement that, if it occurs at all, is years away.

## A.     Regulatory And Statutory Background

A new drug application ("NDA") containing safety and efficacy data must be filed by

anyone seeking to obtain approval from the U.S. Food and Drug Administration ("FDA") to sell

a purportedly new drug like Plaintiffs' Crestor. *See* 21 U.S.C. § 355(b)(1) . An NDA applicant

must also file with the FDA the number and expiration date of any patent that "claims the drug

for which the applicant submitted the application ..." 21 U.S.C. §§ 355(b)(1), (c)(2) . The FDA

publishes the information in "Approved Drug Products with Therapeutic Equivalence

Evaluations," commonly known as the "Orange Book." *See* 21 C.F.R. § 314.53(e).

A generic drug company may submit an Abbreviated New Drug Application ("ANDA")

for FDA approval to market a generic version of a previously-approved NDA drug by providing

bioequivalence data between its proposed generic drug and the previously-approved NDA drug

instead of the animal and human studies of safety and effectiveness that accompany a full new

drug application. *Eli Lilly and Co. v. Medtronic, Inc.*, 496 U.S. 661, 676 (1990). The FDA

specifies the content and format of the ANDA application. *See* 21 C.F.R. § 314.94. In

particular, the FDA requires that when "the person signing the application does not reside or have a place of business within the United States, the application is required to contain the name and address of, and be countersigned by, an attorney, agent, or other authorized official who resides or maintains a place of business within the United States." *See* 21 C.F.R. § 314.94(a)(1) (incorporating the requirements of 21 C.F.R. § 314.50(a)(5)).

In addition, the ANDA applicant must also submit one of four "certifications" for each patent listed in the Orange Book. 21 U.S.C. § 355(j)(2)(A)(vii). If the ANDA applicant seeks to obtain approval to market the generic drug before expiration of a patent listed in the Orange Book, the ANDA applicant must submit a "Paragraph IV Certification" stating that the "patent is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted." 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Once the FDA notifies the ANDA applicant that the application has been deemed acceptable to file, the ANDA applicant must give notice to the patentee and the NDA holder that it submitted an ANDA application containing a Paragraph IV Certification ("the Paragraph IV Certification Notice Letter" or "Notice Letter"). 21 U.S.C. § 355(j)(2)(B)(ii). The FDA specifies the content and format of the Paragraph IV Certification Notice Letter. *See* 21 C.F.R. § 314.95. In particular, the FDA requires that the Notice Letter include "the name and address of an agent in the United States authorized to accept service of process for the applicant [if the applicant does not reside or have a place of business in the United States.]" *See* 21 C.F.R. § 314.95(c)(7).

Thereafter, the recipients of the Notice Letter have 45 days from the date they receive it to file a lawsuit for patent infringement under 35 U.S.C. § 271(e)(2) in order to trigger a 30-month stay that precludes the FDA from immediately approving the ANDA application. 21 U.S.C. § 355(j)(5)(B). Section 271(e)(2) provides in pertinent part:

3

> It shall be an act of infringement to submit ... an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act [21 U.S.C. § 355(j)] for a drug claimed in a patent or the use of which is claimed in a patent, or if the purpose of such submission is to obtain approval under such Act to engage in the commercial manufacture, use, or sale of a drug ... claimed in a patent ... before the expiration of such patent.

This statutory act of infringement was created by Congress to achieve the competitive interests advanced by the Hatch-Waxman Act -- it is a "highly artificial" act of infringement that vests the district courts with subject matter jurisdiction under 28 U.S.C. § 1338(a) where no jurisdiction would otherwise exist because no actual infringement has occurred. *Allergan, Inc., v. Alcon Labs., Inc.,* 324 F.3d 1322, 1330 (Fed. Cir. 2003); *see also Eli Lilly,* 496 U.S. at 677-78.

Section 271(e)(2) creates a single act of infringement – the submission of the ANDA containing a Paragraph IV Certification – which is an act performed solely by the ANDA applicant. The remedies available to the patentee in response to this statutory infringement include an order that the effective date of any approval of the generic drug shall be no earlier than the expiration date of the patent that has been infringed and an injunction against the ANDA applicant to prevent the commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of an approved drug. 35 U.S.C. § 271(e)(4). These are the only remedies (with the exception of attorneys fees under § 285) which may be granted by a court for an act of infringement described in § 271(e)(2). *Mylan Laboratories, Inc. v. Thompson,* 389 F.3d 1272, 1276-77 (D.C. Cir. 2004).

**B.    Factual Background**

Plaintiff IPR Pharmaceuticals, Inc. ("IPR") is the holder of approved New Drug Application ("NDA") No. 021366 for Crestor® Tablets, in 5 mg, 10 mg, 20 mg, and 40 mg dosage forms, containing rosuvastatin calcium. Plaintiff AstraZeneca Pharmaceuticals LP

("AstraZeneca") is IPR's authorized agent for matters related to NDA No. 021366. (D.I. 1 at p. 3 ¶8.) IPR has listed U.S. Patent Nos. Re 37,314, 6,858,618, and 6,316,460 ("the Orange Book Patents") in the Orange Book. Under the Hatch-Waxman Act, no ANDA could be filed on a generic rosuvastatin calcium formulation until August 12, 2007.

REDACTED

REDACTED

On December 11, 2007, Plaintiffs filed this lawsuit against both Aurobindo India and

Aurobindo USA alleging infringement of U.S. Patent No. RE 37,314 ("the '314 patent") under

35 U.S.C. § 271(e)(2) and seeking a declaratory judgment of future infringement of the '314

patent under 35 U.S.C.§ 271(a).  (D.I. 1 at pp. 6-7 ¶¶20-31.)

      In Count I of their Complaint, Plaintiffs allege on information and belief that "Aurobindo

USA filed ANDA No. 79-170 in order to obtain approval to market the Aurobindo Rosuvastatin

Calcium Tablets in the United States before the expiration of the '314 patent … and Aurobindo

USA also filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. §

314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '314 patent are invalid."

(D.I. 1 at p.6 ¶22; *see also* p. 3 ¶11.)  Plaintiffs further allege on information and belief that

"Aurobindo USA, as the authorized agent of Aurobindo [India] and/or in its own capacity,

participated in the preparation and filing with the FDA of the Aurobindo ANDA for approval to

market generic rosuvastatin calcium in the United States."  (D.I. 1 at p. 4 ¶14.)

**REDACTED**

      In Count II of their Complaint, Plaintiffs allege that Aurobindo India and Aurobindo

USA will directly infringe, induce and/or contribute to the infringement of one or more claims of

the '314 patent under 35 U.S.C. § 271(a) by manufacturing, importing, selling, and offering for

sale Aurobindo Rosuvastatin Calcium Tablets.  (D.I. 1 at p.7 ¶29.)  Plaintiffs further allege that

"Aurobindo [India] and Aurobindo USA have made substantial preparations to sell Aurobindo

Rosuvastatin Calcium Tablets labeled for the same dosages as the Crestor® products" and intend

to commence selling this product "immediately upon receiving approval from the FDA.  (D.I. 1

at p. 7 ¶¶27-28.)

## IV. <u>ARGUMENT</u>

**A.     <u>Subject Matter Jurisdiction is Lacking Over Count I of the Complaint Because Aurobindo USA Did Not File an ANDA</u>**

Plaintiffs have named Aurobindo USA in this lawsuit for no apparent purpose other than to manufacture personal jurisdiction over Aurobindo India.[2]  To this end, Plaintiffs have alleged in Count I of the Complaint that Aurobindo USA has infringed the '314 patent under § 271(e)(2) by submitting the ANDA application.  Plaintiffs seek to have this Court completely disregard the corporate identities of both Aurobindo India and Aurobindo USA and find personal jurisdiction over Aurobindo India in the District of Delaware.  Without the § 271(e)(2) infringement claim against Aurobindo USA, Plaintiffs' attempts to manufacture personal jurisdiction fall apart.  Plaintiffs should not be permitted to hale Aurobindo USA into court to answer the § 271(e)(2) claim because Aurobindo USA is not the ANDA applicant and it did not "submit" the ANDA application containing a Paragraph IV Certification to the FDA for approval.  Aurobindo USA did not commit the single, "highly artificial" act of infringement required by § 271(e)(2) to vest this Court with subject matter jurisdiction under 28 U.S.C. § 1338(a).  Therefore, the Court should dismiss Count I of the Complaint (D.I. 1 at pp. 6-7 ¶¶20-25) against Aurobindo USA for lack of subject matter jurisdiction over Aurobindo USA pursuant to Rule 12(b)(1).

**1.     Aurobindo USA is Not the ANDA Applicant and Therefore Did Not Submit the ANDA For FDA Approval As Required By § 271(e)(2)**

As mentioned above, Congress created a single, "highly artificial" act of infringement to vest the District Courts of the United States with subject matter jurisdiction under 28 U.S.C. § 1338(a).  *See Allergan,* 324 F.3d at 1330.  This singular, "highly artificial" act of infringement consists of submitting an ANDA application containing a Paragraph IV Certification for FDA

---

[2] Defendant Aurobindo India has filed a motion to dismiss the claim against it on the grounds that there is no personal jurisdiction over Aurobindo India in the District of Delaware.

7

approval. 35 U.S.C. § 271(e)(2). Under the FDA regulations, an "Applicant" is defined as "any person who *submits* an ... abbreviated application ... under this part to obtain FDA approval of a new drug." 21 C.F.R. § 314.3(b) (emphasis added). Therefore, the Applicant, as the person who *submits* the abbreviated application, is the person who commits the "highly artificial" act of infringement under § 271(e)(2) -- and no one else.

**REDACTED**

**REDACTED**



Furthermore, not all ANDA applications constitute a "highly artificial" act of infringement -- only ANDA applications containing a Paragraph IV Certification do so. *Eli Lilly*, 496 U.S. at 678 ("That is what is achieved by § 271(e)(2) – the creation of a highly artificial act of infringement that consists of submitting an ANDA or a paper NDA containing the fourth type of certification …"); *see also, Abbott Labs. v. Zenith Labs., Inc.*, 934 F.Supp. 925, 935 (N.D.Il. 1995) ("If the ANDA applicant makes a Category IV certification, the procedure laid out in [21 U.S.C.] § 355(j)(4)(B) is initiated which allows the patent holder to bring and infringement suit pursuant to 35 U.S.C. § 271(e)(2)(A).")

REDACTED

REDACTED

**REDACTED** Consistent with the
purpose of § 315.94(a)(1) and the Hatch-Waxman Act, Aurobindo India may be sued in New
Jersey under 35 U.S.C. § 271(e)(2) for its "artificial" act of infringement in filing the ANDA.

**REDACTED**

Moreover, Aurobindo USA does not have the requisite knowledge to be an Applicant, for
several reasons. To begin, the Paragraph IV Certification requires "a certification, in the opinion
of the *applicant* and to the best of *his knowledge*, with respect to each patent that claims the
listed drug … that such patent is invalid or will not be infringed by the manufacture, use, or sale
of the new drug for which the application is submitted." 21 U.S.C. § 355(j)(2)(A)(vii)(IV)
(emphasis added).

**REDACTED**

Accordingly, it cannot be considered an
ANDA applicant who submitted the ANDA application for purposes of § 271(e)(2).

Likewise, the ANDA application must contain, among other things, "information to show
that the new drug is bioequivalent to the listed drug." 21 U.S.C. § 355(j)(2)(A)(iv).

**REDACTED**

REDACTED

It is clear from the facts of this case that Aurobindo India is the only ANDA applicant who submitted the ANDA application thereby committing the "highly artificial" act of infringement under § 271(e)(2) to vest this Court with subject matter jurisdiction under 28 U.S.C. § 1338(a).

Finally, there is no purpose to be served under the Act by joining Aurobindo USA in this action. The Congressional goal of creating an artificial act of infringement in order to trigger a rapid judicial determination of infringement or invalidity is completely and fully served by suing Aurobindo India alone, as all the relief available to NDA holders under the Act (primarily, enjoining approval of the ANDA and an injunction against the ANDA Applicant, *see* § 271(e)(4)) can be accomplished without Aurobindo USA in the case. Furthermore, the actions of Aurobindo India cannot be imputed to Aurobindo USA without disregarding the corporate forms of each company. There is no basis to do so and Plaintiffs have not alleged any. Adding Aurobindo USA to the case merely complicates the matter by adding additional, unnecessary parties. Aurobindo USA could not have prepared or aided in the preparation of the ANDA at issue and therefore it cannot be considered an ANDA applicant for purposes of § 271(e)(2). Accordingly, the Court should dismiss Count I of the Complaint (D.I. 1 at p. 6-7 ¶¶20-25) against Aurobindo USA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

**2.      Plaintiffs' Jurisdictional Allegations are Unsupported**

Under Rule 12(b)(1), "[i]f an aspect of a claim concerns jurisdiction, and when jurisdiction turns on whether a particular fact is true as here (as opposed to whether the

complaint sufficiently alleges jurisdiction on its face), a court may inquire into the jurisdictional

facts without viewing the evidence in a light favorable to either party." *Nesbit v. Gears*

*Unlimited, Inc.*, 347 F.3d 72, 77 (3rd Cir. 2003) (citing *Mortensen v. First Fed. Sav. & Loan*

*Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Here, Plaintiffs' only allegations in support of subject

matter jurisdiction over Aurobindo USA under the § 272(e)(2) claim are:

> 14. On information and belief, Aurobindo USA, as the authorized
> agent of Aurobindo Pharma and/or in its own capacity, participated
> in the preparation and filing with the FDA of the Aurobindo
> ANDA for approval to market generic rosuvastatin calcium in the
> United States.
>
> 16. On information and belief, Aurobindo Pharma and Aurobindo
> USA filed ANDA No. 79-170 in order to obtain approval to market
> the Aurobindo Rosuvastatin Calcium Tablets in the United States
> before the expiration of the '314 patent. On information and belief,
> Aurobindo Pharma and Aurobindo USA also filed with the FDA,
> pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. §
> 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of
> the '314 patent are invalid.

(D.I. 1 at p. 4 ¶14 and p. 6 ¶22.)

In contrast, the jurisdictional facts are as follows.

**REDACTED**

Simply put, Aurobindo USA does not possess the knowledge or

information to prepare an ANDA application that contains a Paragraph IV Certification to

market generic rosuvastatin calcium in the United States. This responsibility falls squarely on

Aurobindo India as the only ANDA applicant and as the author of the Notice Letter. Plaintiffs

correctly allege that "[b]y letter dated October 31, 2007, *Aurobindo [India]* notified Plaintiffs

12

that it had filed an ANDA seeking FDA approval to market rosuvastatin calcium tablets in 5 mg,

10 mg, 20 mg, and 40 mg dosage strengths …, and that it was providing information to Plaintiffs

pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95." (D.I. 1 at p. 4 ¶12) (emphasis

added).      REDACTED      Since Aurobindo USA is not the ANDA

applicant, it did not commit the "highly artificial" act of infringement under § 271(e)(2) to vest

this Court with subject matter jurisdiction under 28 U.S.C. § 1338(a). Therefore, the Court

should dismiss Count I of the Complaint against Aurobindo USA for lack of subject matter

jurisdiction pursuant to Rule 12(b)(1).

### 3. Plaintiffs' Jurisdictional Allegations Should be Rejected Because They Appear Immaterial and Solely for the Purpose of Gaining Personal Jurisdiction Over Aurobindo India

"Subject matter jurisdiction *is* lacking if the alleged basis for jurisdiction 'clearly appears

to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim

is wholly insubstantial or frivolous.'" *Nesbit*, 347 F.3d. at 80 (quoting *Steel Co. v. Citizens for a

Better Env'n.,* 523 U.S. 83, 89 (1998)) (emphasis in the original). As discussed in Aurobindo

India's contemporaneously filed Motion to Dismiss for Lack of Personal Jurisdiction, Aurobindo

India is not subject to personal jurisdiction in the District of Delaware, and therefore Plaintiffs'

only means for alleging personal jurisdiction over Aurobindo India is through Aurobindo USA.

Plaintiffs' allegations appear therefore to be made expressly for the purpose of obtaining subject

matter jurisdiction over the § 271(e)(2) case against Aurobindo USA in order to further obtain

personal jurisdiction over Aurobindo India. Plaintiffs' basis for such subject matter jurisdiction

is wholly insubstantial and it should be rejected.

**B.**     **Count II Should Be Dismissed Because There Is No Actual Controversy**

     **1.**     **Legal Standard for Establishing Declaratory Judgment Jurisdiction**

The Declaratory Judgment Act ("DJA") provides that, "in a case of *actual controversy* within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "A party seeking to base jurisdiction on the Declaratory Judgment Act bears the burden of proving that the facts alleged, 'under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007)).

Declaratory judgment actions in the patent arena are most commonly brought by potential infringers against patentees seeking a declaration of noninfringement or invalidity or both. *See, e.g., Lang v. Pacific Marine & Supply Co.*, 895 F.2d 761, 763 (Fed. Cir. 1990), *superseded on other grounds as recognized by SanDisk Corp. v. STMicroelectronics*, Inc., 480 F.3d 1372, 1380 (Fed. Cir. 2007). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 127 S.Ct. at 771 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941) (emphasis added)). In addition, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991) ("When there is an actual controversy and thus jurisdiction, the

14

exercise of that jurisdiction is discretionary.")

      **2.**     **Aurobindo USA's Only Activities Arguably Directed Toward Future Possible Infringement Under § 271(a) Fall Under the "Safe Harbor" of §271(e)(1)**

        To establish that the future infringement they allege has sufficient "immediacy" and "reality" to be an actual controversy, Plaintiffs must demonstrate that Defendants are "engaged in an activity directed toward making, selling, or using subject to an infringement charge under 35 U.S.C. §271(a) (1982), or [are] making meaningful preparation for such activity." *Lang*, 895 F.2d at 764. An Article III case or controversy arises "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license." *SanDisk,* 480 F.3d at 1381. The sole such activity alleged in the Complaint is Aurobindo India's submission of its ANDA to the FDA and Plaintiffs' erroneous speculation about the role of Aurobindo USA. (D.I. 1 at p. 6 ¶¶22, 24.) However, any past, present, and future activity performed by Aurobindo India (or Aurobindo USA)[6] in connection with the development and submission of information to the FDA, including the preparation and submission of the ANDA application, is protected from patent infringement liability until the approval of the ANDA under 35 U.S.C. § 271(e)(1) which provides in pertinent part, "[i]t shall <u>not</u> be an act of infringement to make, use, offer to sell, or sell within the United States or import into the United States a patented invention … solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs." 35 U.S.C. § 271(e)(1). Absent any allegations that Aurobindo India and Aurobindo USA have performed activities that are not otherwise protected by § 271(e)(1), Plaintiffs cannot establish an

---

[6] Similarly, any possible future activities of Aurobindo USA in connection with the development and submission of information to the FDA would be protected from patent infringement liability. 35 U.S.C. § 271(e)(1).

actual controversy to vest this Court with subject matter jurisdiction under the DJA.

    **3.    Plaintiffs' Future Infringement Allegations are Predicated on Activities that are Highly Unpredictable and Too Remote in Time to be Real and Immediate**

Plaintiffs allege that "Aurobindo [India] and Aurobindo USA intend to commence sale of Aurobindo Rosuvastatin Calcium Tablets immediately upon receiving approval from the FDA." (D.I. 1 at p. 7 ¶28.)  Plaintiffs also allege that the "manufacture, importation, sale, and offer for sale of Aurobindo Rosuvastatin Calcium Tablets, once approved by the FDA, will directly infringe, induce and/or contribute to the infringement of one or more claims of the '314 patent under 35 U.S.C. § 271(a)."  (D.I. 1 at p. 7 ¶29.)  However, this second allegation carries no presumption of truthfulness because it is a legal conclusion.  *See Wyeth v. Ranbaxy Labs., Ltd.,* 448 F. Supp. 2d 607, 609 (D.N.J. 2006) ("[l]egal conclusions made in the guise of factual allegations … are given no presumption of truthfulness.") (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also Kanter v. Barella,* 489 F.3d 170, 177 (3d Cir. 2007) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.") (quoting *Evancho v. Fisher,* 423 F.3d 347, 350 (3d Cir. 2005)).  Even if we assume both allegations are true, Plaintiffs' allegations lack the reality and immediacy necessary to give rise to an Article III case or controversy under the DJA.

By filing Count I in this lawsuit under § 271(e)(2), Plaintiffs have triggered the automatic 30-month stay precluding the FDA from approving the ANDA application until the stay expires or a court holds that the '314 patent is invalid or not infringed.  21 U.S.C. § 355(j)(5)(B)(iii) ("If such an action is brought before the expiration of such days, the approval shall be made effective upon the expiration of the thirty-month period beginning on the date of the receipt of the notice provided under paragraph (2)(B)(i) or such shorter or longer period as the court may order because either party to the action failed to reasonably cooperate in expediting the action.")  In

effect, the 30-month stay has removed any fear that the ANDA application will be approved by the FDA in the immediate future.

In addition, courts have declined to hold even shorter periods of time as having sufficient immediacy to give rise to an actual controversy. For example, in *Lang*, the owners of two patents that pertained to certain features of a ship's hull brought a declaratory judgment action against the defendants, who were in the process of constructing a ship hull. *Lang*, 895 F.2d at 763. The plaintiffs claimed that the hull, when completed, would infringe on the patents. *Id.* The court held that the plaintiffs failed to meet the actual controversy requirement necessary to maintain a declaratory judgment because the nine-month period between the initiation of the lawsuit and the completion of the ship hull was too remote to cause concern. *Id.* at 764. Similarly, in *Abbott Labs. v. Zenith Labs., Inc.*, 934 F. Supp. 925, 938 (N.D. Ill. 1995), the patentee sought a declaratory judgment of infringement of an untimely listed Orange Book patent. *Abbott*, 934 F. Supp. at 937. The court noted that the ANDA applicant could receive approval of the application three months from the date that plaintiff filed its complaint. *Id.* Nonetheless, the court did not find that allegation sufficient to state a controversy as required by 28 U.S.C. § 2201 because "FDA approval had not been granted at the time that Plaintiff requested declaratory judgment. In addition, there is no guarantee that the FDA approval will be forthcoming on any particular date in the future." *Id.* Further in *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 05-590, 2006 U.S. Dist. LEXIS 57469, at *9 n.3 (D. Del. Aug. 16, 2006), the court found that "the absence of FDA approval is evidence that the dispute between the parties is neither real nor immediate." Here, Plaintiffs have triggered a statutory stay of FDA approval and have not alleged that the FDA will approve the ANDA application or that the approval is imminent. Therefore, the possibility that the FDA might approve the ANDA application when

the 30-month stay expires is not sufficient to establish a case or controversy as required by 28

U.S.C. § 2201.

### 4.    Permitting A Declaratory Judgment Action Undermines the Hatch-Waxman Act and Is Unnecessary

In addition, the fact that there is not a sufficient case or controversy at this time is also

shown by the reasoning behind § 271(e)(2)—to provide subject matter jurisdiction for a patent

infringement action based on the submission of an ANDA containing a Paragraph IV

Certification. *Eli Lilly,* 496 U.S. at 678; *Allergan,* 324 F.3d at 1330. If relief was available in this

instance via a declaratory judgment action for future infringement under § 271(a), § 271(e)(2)

would have been unnecessary.

Further, § 271(e)(4) provides for the exclusive remedy in this case.  Section 271(e)(4)

provides in pertinent part:

> For an act of infringement described in paragraph (2)-
>
> (A) the court shall order the effective date of any approval of the drug or veterinary biological product involved in the infringement to be a date which is not earlier than the date of the expiration of the patent which has been infringed,
>
> (B) injunctive relief may be granted against an infringer to prevent the commercial manufacture, use, offer to sell, or sale within the United States or importation into the United States of an approved drug or veterinary biological product,
>
> * * *
>
> The remedies prescribed by subparagraphs (A), (B), and (C) are the only remedies which may be granted by a court for an act of infringement described in paragraph (2), except that a court may award attorney fees under section 285.

35 U.S.C. § 271(e)(4).  If Plaintiffs were to prevail in this case, the ANDA application will not

have an effective approval date earlier than the expiration of the '314 patent.  Thus, Aurobindo

India will not be able to market or sell its rosuvastatin calcium tablets that are the subject of the

ANDA in the United States prior to the expiration of the '314 patent, with or without Aurobindo

USA as a distributor.  In response to their allegation that Plaintiffs have no adequate remedy at

law (D.I. 1 at p. 7 ¶30), §271(e)(4) already provides for the same injunctive relief that Plaintiffs

seek in their Count II.  Therefore, Plaintiffs cannot establish a substantial controversy of

sufficient immediacy and reality to provide this Court with subject matter jurisdiction over Count

II of the Complaint. .

<div style="margin-left:2em;">

**5.    Even If the Court Finds Jurisdiction, the Court Should Exercise Its Discretion and Decline Declaratory Judgment Jurisdiction Consistent With the Intent of the Hatch-Waxman Amendments**

</div>

"[D]istrict courts possess discretion in determining whether and when to entertain an

action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter

jurisdictional prerequisites." *Wilton*, 515 U.S. at 282; *see also Spectronics*, 940 F.2d at 634

("When there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction is

discretionary.").

The protection from infringement suits until after premarket approval by the FDA is an

integral part of Congress' carefully crafted compromise between brand name companies and

generics in the Hatch-Waxman Amendments, the purpose of which is to speed the entry of

generic drugs onto the market while protecting the intellectual property rights of brand

companies.  *See, e.g., Schering-Plough Corp. v. FTC*, 402 F.3d 1056, 1058 n.2 (11th Cir. 2005);

*Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1357-58 (Fed. Cir. 2003).  The

compromise provided brand companies with, among other things, a patent term extension and

data exclusivity.  For their part, the generic companies received the aforementioned protection

against infringement suits as well as a streamlined application process.  Plaintiffs' attempt to

circumvent the protection against an infringement suit prior to FDA approval threatens to destroy

<div style="text-align:center;">19</div>

this compromise.

Exercising declaratory judgment jurisdiction in this circumstance would "undermine Congress' policy in enacting the [Hatch-Waxman Amendments]." *Abbott*, 934 F. Supp. at 939 (stating that even if Plaintiff had alleged facts sufficient to state that a justiciable controversy exists the court would decline declaratory judgment jurisdiction). In *Intermedics v. Ventritex, Co.*, 775 F. Supp. 1269 (N.D. Cal. 1991), the court voiced the same concern:

> We are concerned that if we exercise jurisdiction over declaratory relief actions in a setting like this, where we have held that defendants are entitled to protection from suit for infringement under § 271(e)(1), we will be undermining one of Congress' purposes in enacting this exemption. It appears to us that Congress intended this exemption to offer a "safe haven" to companies who confined their conduct to the boundaries set forth in the statute … [T]he promise by Congress of a safe haven could prove to be completely illusory if the courts permitted competitors to proceed full bore with expensive, resource-draining, and personnel-distracting litigation in the form of actions for declaratory relief. It makes little sense, and thus we assume would be inconsistent with Congress intent, to protect companies … from suit for actual patent infringement but leave them fully exposed to declaratory relief actions whose gravamen and burdens are much the same.

*Id.* at 1290. In affirming the district court's decision not to exercise its declaratory judgment jurisdiction, the Federal Circuit noted that "exercising jurisdiction over Intermedics' declaratory relief action would undermine the exemption [provided by Section 271(e)(1)] … To permit Ventritex to be protected from direct suit for infringement and yet allow the same activities to be subject to suit in a declaratory judgment action would be nonsensical." *Intermedics v. Ventritex, Co.*, 1993 U.S. App. LEXIS 3620, at *15 (Fed. Cir. 1993) (unpublished opinion).

Plaintiffs' declaratory judgment claim is nothing more than an attempt to circumvent the protection from infringement suits afforded by the Hatch-Waxman Act until after premarket approval by the FDA. Therefore, even if there were sufficient immediacy and reality to establish

that Plaintiffs' allegation of future infringement was an actual controversy, the Court should

exercise its discretion and decline jurisdiction.

## V. **CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint (D.I. 1) against

Aurobindo USA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).


February 15, 2008

OF COUNSEL:

MICHAEL BEST & FRIEDRICH LLP
Thomas P. Heneghan, Esquire
Jeffrey S. Ward, Esquire
Edward J. Pardon, Esquire
One South Pinckney Street, Suite 700
Madison, WI  53703
(608) 257-3501

BAYARD, P.A.

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (#0922)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899-5130
rkirk@bayardfirm.com
 (302) 655-5000

Counsel for Defendants,
AUROBINDO PHARMA LTD.,
AUROBINDO PHARMA USA, INC.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on February 15, 2008, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Mary W. Bourke, Esquire
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19899


The undersigned counsel further certifies that, on February 15, 2008, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

Charles Edmund Lipsey, Esquire
York Moody Faulkner, Esquire
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
11955 Freedom Drive, Suite 800
Reston, Virginia 20190


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

{00717499;v1}