## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED, IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA,<br><br>     Plaintiffs,<br><br>     v.<br><br>AUROBINDO PHARMA LIMITED, and AUROBINDO USA, INC.,<br><br>     Defendants. | Civil Action No.: 07-810-JJF-LPS<br><br>**REDACTED VERSION DI 30** |

---

**PLAINTIFFS' BRIEF IN SUPPORT OF ITS OPPOSITION
TO AUROBINDO USA, INC.'S MOTION TO DISMISS THE COMPLAINT FOR LACK
OF SUBJECT-MATTER JURISDICTION UNDER RULE 12(b)(1)**

| | |
|---|---|
| Ford F. Farabow<br>Charlie E. Lipsey<br>York M. Faulkner<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, D.C. 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400<br><br>Henry J. Renk<br>FITPATRICK, CELLA, HARPER & SCINTO<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Telephone: (212) 218-2100<br>Facsimile: (212) 218-2200<br><br>*Of Counsel for Plaintiffs,*<br>AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals, Inc., and Shionogi Seiyaku Kabushiki Kaisha | Mary W. Bourke (#2356)<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>1007 N. Orange Street<br>Wilmington, DE 19899<br>Telephone: (302) 658-9141<br>Facsimile: (302) 658-5614<br>mbourke@cblh.com<br>*Attorneys for Plaintiffs* |

**TABLE OF CONTENTS**

I.      THE NATURE AND STAGE OF THE PROCEEDING .................................................1

II.     SUMMARY OF ARGUMENT ...........................................................................................2

III.    STATEMENT OF FACTS .................................................................................................3

IV.     ARGUMENT ......................................................................................................................4

        A.      Count I Should Be Maintained Against Aurobindo USA ......................................4

                1.      Aurobindo's Motion to Dismiss Count I Is a Premature Motion for
                        Summary Judgment, Not a Challenge to this Court's Subject
                        Matter Jurisdiction ....................................................................................4

                2.      Hatch-Waxman Liability Is Not Limited to an FDA "Applicant".............5

                3.      Both a Parent and Its Subsidiary Can Infringe Under § 271(e)(2)
                        When They File an ANDA Together...........................................................6

        B.      Count II Should Not Be Dismissed.........................................................................9

                1.      Recent Controlling Authority Confirms Declaratory Judgment
                        Jurisdiction................................................................................................9

                2.      Aurobindo Has Itself Invoked Acknowledged that Declaratory
                        Judgment Jurisdiction exists over the '314 Patent...................................10

                3.      Activities that Might Be Protected from Infringement Under the
                        § 271(e)(1) Safe-Harbor Provision Are Relevant to the Inquiry ..............11

                4.      The Controversy Is Real and Immediate ..................................................12

                5.      Exercising Jurisdiction Over Count II Will Promote Judicial
                        Economy and Is Consistent with the Purpose and Policy of the
                        Hatch-Waxman Act ..................................................................................16

                6.      The Remedy Under Count I May Not Be Adequate..................................19

V.      CONCLUSION..................................................................................................................20

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abbott Diabetes Care, Inc. v. Dexcom, Inc.*, No. 05-590, 2006 WL 2375035  (D. Del.
Aug. 16, 2006) ............................................................................................................15, 16

*Abbott Laboratories v. Baxter Healthcare Corp.*, No. 04-C-836, 2004 WL 1878291
(N.D. Ill. Aug. 16, 2004)..................................................................................................13

*Abbott Laboratories v. Zenith Laboratories, Inc.*, 934 F. Supp. 925 (N.D. Ill. 1995).......14, 15, 19

*Allergan, Inc. v. Alcon Laboratories., Inc.*, 324 F.3d 1322 (Fed. Cir. 2003) ...............................17

*Amgen, Inc. v. F. Hoffman-LaRoche Ltd.*, 456 F. Supp. 2d 267 (D. Mass. 2006).........................11

*Amgen, Inc. v. ITC*, No. 2007-1014, slip op. (Fed. Cir. March 19, 2008)  .............................11, 13

*Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484
(E.D. Va. 2005).......................................................................................................6, 7, 8

*Eli Lilly and Co. v. Medtronic, Inc.*, 496 U.S. 661 (1990) .....................................................17, 18

*Forest Laboratories, Inc. v. IVAX Pharm., Inc.*, 438 F. Supp. 2d 479 (D. Del. 2006)..................20

*Genentech v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993).........................................................16

*Glaxo Group Ltd. v. Apotex, Inc.*, 130 F. Supp. 2d 1006 (N.D. Ill. 2001)...............................13, 15

*Glaxo, Inc. v. Novopharm, Ltd.*, 110 F.3d 1562 (Fed. Cir. 1997)...............................11, 12, 13, 17

*Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1269 (N.D. Cal. 1991)................................17, 18

*Lang v. Pacific Marine and Supply Co., Ltd.*, 895 F.2d 761 (Fed. Cir. 1990)...............................19

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) .......................................9

*MedicalImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007).....................................................9

*Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 73 (3d Cir. 2003)...........................................................5

*SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007)...........................9, 16

*Takeda Chemical Industrial, Ltd. v. Watson Pharmaceuticals, Inc.*, 329 F. Supp. 2d 394
(S.D.N.Y. 2004)...............................................................................................................13

*Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330
    (Fed. Cir. 2007)..............................................................................................9, 10, 14, 18

*Turicentro, S.A. v. American Airlines Inc.*, 303 F.3d 293 (3d Cir. 2002)......................................12

*Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348 (Fed. Cir. 2003).........................................17

*Wyeth v. Lupin Ltd.*, 505 F. Supp. 2d 303 (D. Md. 2007)........................................................6, 7, 8

## FEDERAL STATUTES

28 U.S.C. § 2201......................................................................................................................19

35 U.S.C. § 271(a)............................................................................................................ passim

35 U.S.C. § 271(e)(1)...........................................................................................11, 17, 18, 19

35 U.S.C. § 271(e)(2)(A)..............................................................................................5, 18, 19

35 U.S.C. § 271(e)(5)..............................................................................................................11

35 U.S.C. § 271(g).............................................................................................................11, 17

## FEDERAL REGULATIONS

21 C.F.R. 313.3..........................................................................................................................6

21 C.F.R. §§ 314.94........................................................................................................3, 12, 16

21 C.F.R. § 320.21 ....................................................................................................................4

Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR

Pharmaceuticals, Inc., and Shionogi Seiyaku Kabushiki Kaisha (collectively "AstraZeneca")

oppose the motion of Aurobindo Pharma Limited ("Aurobindo Pharma") and Aurobindo Pharma

USA, Inc. ("Aurobindo USA") (collectively "Aurobindo") to dismiss portions of the complaint

for lack of subject matter jurisdiction for reasons set forth more fully below.

## I.    THE NATURE AND STAGE OF THE PROCEEDING

This is an action for infringement of U.S. Reissue Patent RE37,314 ("the '314 patent")

under 35 U.S.C. § 271(e)(2)(A) and for a declaratory judgment under 35 U.S.C. § 271(a) based

on threatened future infringement. The action results from the filing by Aurobindo USA and

Aurobindo Pharma of Abbreviated New Drug Application (ANDA) No. 79-170 to market

generic versions of AstraZeneca's highly successful drug CRESTOR®.

On October 31, 2007, Aurobindo Pharma notified AstraZeneca that this ANDA had been

filed with the U.S. Food and Drug Administration ("FDA") and intended to market its generic

product prior to expiration of the '314 patent. (D.I. 1 at ¶¶ 11, 12.) The letter was one of seven

such notifications that AstraZeneca received from generic pharmaceutical companies between

October and December 2007. To seek resolution of the multiple challenges to its patent rights,

AstraZeneca filed seven related patent infringement actions in the District of Delaware on

December 11, 2007 (C.A. Nos. 07-805, 07-806, 07-807, 07-808, 07-809, 07-810, and 07-811).

Seven days later, solely to protect its right to a 30-month stay of ANDA approval and in

the event that the Delaware action against Aurobindo was dismissed, AstraZeneca filed a mirror-

image "protective suit" against Aurobindo in the District of New Jersey on December 18, 2008,

C.A. No. 3:07-cv-06020-MLC-JJH.[1]  Although, Aurobindo USA is incorporated in Delaware and Aurobindo Pharma had previously consented to personal jurisdiction in Delaware, AstraZeneca recognized that Aurobindo might challenge the jurisdiction of this Court. Aurobindo Pharma and Aurobindo USA did so, responding with attacks on jurisdiction in both courts.  Aurobindo Pharma answered the unserved complaint in New Jersey, and Aurobindo USA moved to dismiss Counts I and II of the complaint with Aurobindo Pharma joining in the request to dismiss Count II.

In addition to challenging the Court's subject matter jurisdiction, Aurobindo Pharma seeks dismissal, alleging lack of personal jurisdiction, and Aurobindo USA seeks dismissal under Fed. R. Civ. P. 19(b) for nonjoinder of Aurobindo Pharma.  (D.I. 17.)  AstraZeneca's opposition to those motions was postponed until April 21 to allow time for certain jurisdictional discovery.  Although Aurobindo has provided some discovery pertinent to the present motion, the parties are still discussing the production of additional documents and witnesses relevant to this motion.  AstraZeneca has, therefore, been required to file a less-than-complete response at this time and is constrained to request the right to supplement this response as more information becomes available.

## II.    SUMMARY OF ARGUMENT

As the wholly-owned subsidiary and U.S. marketing arm of Aurobindo Pharma, Aurobindo USA had its employee sign and certify as to the accuracy of its ANDA and transmit the application to the FDA.  Courts facing analogous circumstances, where the U.S. subsidiary

---

[1]    Consistent with this purpose, the protective suit was filed but not served, and AstraZeneca notified Aurobindo of the purpose of the second action as well, stating that AstraZeneca would voluntarily dismiss the suit once jurisdiction was established in Delaware. (Ex. 1.)

and marketing arm of a foreign parent has signed and certified the ANDA, have held that the U.S. subsidiary participated in the submission of the ANDA and may be sued under 35 U.S.C. § 271(e)(2)(A).

Declaratory judgment jurisdiction is proper over AstraZeneca' claims under 35 U.S.C. § 271(a) for threatened infringement, because the parties' controversy is sufficiently immediate and real to present an actual controversy, and the Court should exercise its discretion to hear the matter for reasons of policy and judicial economy. Moreover, Aurobindo itself has invoked the New Jersey court's declaratory judgment jurisdiction in a counterclaim asserted against AstraZeneca in the New Jersey action. Aurobindo's arguments against declaratory judgment jurisdiction over Count II are, therefore, inconsistent with its counterclaim and the case law.

## III.    STATEMENT OF FACTS

This case relates to AstraZeneca's CRESTOR® rosuvastatin calcium product, and Aurobindo's efforts to sell a generic version of CRESTOR® before the patent on the active ingredient, rosuvastatin calcium, expires. The discovery of rosuvastatin calcium resulted in one of the most potent lipid-lowering drugs now available. Over 11 million patients in the United States have been prescribed CRESTOR®, and over 110 million prescriptions have been written worldwide for CRESTOR®. (D.I. 1 at ¶ 9.)

Aurobindo's ANDA relies on the years of clinical testing conducted by AstraZeneca to demonstrate the safety and efficacy of its proposed generic version of CRESTOR®, without the need to duplicate that testing. *See, e.g.*, 21 C.F.R. §§ 314.94 and 320.21.

**REDACTED**

3

REDACTED

IV.    **ARGUMENT**

A.    **Count I Should Be Maintained Against Aurobindo USA**

Aurobindo USA contends that 35 U.S.C. § 271(e)(2) creates a single act of patent infringement that is performed solely by the ANDA applicant "and no one else." (D.I. 16 at 8.) It further contends that Aurobindo Pharma, not Aurobindo USA, "submitted" the ANDA. (*Id.* at 7.) Aurobindo is wrong, because the tort of patent infringement under § 271(e)(2) is not limited to a single entity, and the regulatory definition of "applicant" is not limited to the owner of the ANDA.

1.    **Aurobindo's Motion to Dismiss Count I Is a Premature Motion for Summary Judgment, Not a Challenge to this Court's Subject Matter Jurisdiction**

Paragraph 11 of the Complaint, incorporated in Count I, alleges, on information and belief that "Aurobindo Pharma and/or Aurobindo USA filed . . . an ANDA . . . to obtain FDA approval for . . . generic versions of Plaintiffs' CRESTOR® tablets . . . ."    **REDACTED**

4

REDACTED

Because AstraZeneca's allegations Count I allegations are not "immaterial," "made solely for the purpose of obtaining jurisdiction," or "insubstantial or frivolous," *see Nesbit v. Gears Unlimited*, Inc., 347 F.3d 73, 80 (3d Cir. 2003), Fed. R. Civ. P. 12(d) requires treating Aurobindo's motion, which relies on matters outside the pleadings, to be handled as a motion for summary judgment under Rule 56. The motion is premature, as discovery is currently ongoing relating to Aurobindo USA's involvement in the ANDA filing. Accordingly, this portion of the motion must be denied or postponed until completion of discovery pursuant to Rule 56(f).

### 2.    Hatch-Waxman Liability Is Not Limited to an FDA "Applicant"

Under the Hatch-Waxman Act,

> [i]t shall be an act of infringement to submit . . . an [ANDA application to the FDA] . . . if the purpose of such submission is to obtain approval under such Act to engage in the commercial manufacture, use, or sale of a drug or veterinary biological product claimed in a patent or the use of which is claimed in a patent before the expiration of such patent.

35 U.S.C. § 271(e)(2). The statute, by its terms, does not limit liability for "submit[ting]" an ANDA to a single entity, nor does the statute limit liability to the ANDA "applicant." Instead, liability under the statute extends to those who submit an ANDA for FDA approval with the purpose "to engage in the commercial manufacture . . . or sale of a drug." Both of the Aurobindo entities participated in the submission of the ANDA with the purpose of commercially manufacturing (Aurobindo Pharma) and selling (Aurobindo USA) generic rosuvastatin calcium.

5

Moreover, the regulatory definition of an "applicant" confirms that there can be multiple "applicants" in addition to the owner of the ANDA.[2] An applicant includes anyone who owns, submits, amends, or supplements the application. Consequently, Aurobindo USA, as one who submitted the ANDA and certified that it will update the application as necessary, is also an "applicant" and one who submitted the ANDA for approval to engage in commercial manufacture or sale of generic rosuvastatin calcium. Thus, whether Aurobindo USA is viewed as the agent of Aurobindo Pharma for purposes of securing regulatory approval, or Aurobindo Pharma is viewed as the agent of Aurobindo USA for purposes of securing permission to sell in the U.S., both are submitters of the ANDA.

### 3. Both a Parent and Its Subsidiary Can Infringe Under § 271(e)(2) When They File an ANDA Together

It is well settled that § 271(e)(2) actions can proceed against both parent and subsidiary in analogous circumstances. For example, in *Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484, 494 (E.D. Va. 2005), the court permitted § 271(e)(2) claims against a foreign parent and its U.S. subsidiary where the U.S. subsidiary countersigned the ANDA and the subsidiary "appear[ed] to be the parent's marketing arm in the United States." *See also, Wyeth v. Lupin Ltd.*, 505 F. Supp. 2d 303, 306-07 (D. Md. 2007) ("But when a wholly-owned U.S. subsidiary of a foreign corporation exists to distribute foreign-produced generic drugs in the U.S. and is actively involved in the ANDA process, the subsidiary also 'submits' an ANDA application.").

---

[2]     "Applicant" is defined in 21 C.F.R. 313.3: "Applicant means any person who submits an application or abbreviated application or an amendment or supplement to them under this part to obtain FDA approval of a new drug or an antibiotic drug <u>and</u> any person who owns an approved application or abbreviated application." (Emphasis added.)

**REDACTED**

Aurobindo, therefore, wrongly argues that "there is no purpose to be served… by joining Aurobindo USA in this action." (D.I. at 11.) As the intended marketing and distribution arm of the ANDA drug product and co-submitter of the ANDA, Aurobindo USA is a proper party and should be subject to any injunctive or other relief the Court may order in this action.

**REDACTED**

**REDACTED**

Thus, Aurobindo USA has much more at stake here and a broader role in the ANDA

submission than one who merely countersigns an ANDA, and that is why following *Aventis* and

*Wyeth* to retain Aurobindo USA in this litigation is the correct approach.  Those decisions are not

factually distinguishable and are correctly decided.  Thus, Aurobindo USA, along with

Aurobindo Pharma, are proper parties to the claim of Count I.

---
3

**REDACTED**

**B.     Count II Should Not Be Dismissed**

    **1.     Recent Controlling Authority Confirms Declaratory Judgment Jurisdiction**

The "actual controversy" needed to sustain declaratory judgment jurisdiction arises from Article III of the Constitution, and requires that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). In *MedImmune*, the Supreme Court rejected the Federal Circuit's "reasonable apprehension of suit" test for declaratory relief, finding that the test contradicts or conflicts with four prior Supreme Court decisions. *Id.* at 774 n.11; *recognized by SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1379 (Fed. Cir. 2007) and *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1339 (Fed. Cir. 2007). Post-*MedImmune*, the Federal Circuit has acknowledged that the boundaries of declaratory judgment jurisdiction are expanded, stating "where a patentee asserts rights under a patent based on certain identified ongoing or *planned activity* of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise . . . ." *SanDisk*, 480 F.3d at 1381 (emphasis added).

Under the expanded *MedImmune* standards, there is a justiciable controversy over Count II:   Aurobindo notified both the FDA and AstraZeneca that it intend to sell generic rosuvastatin calcium without license before the '314 patent expires, and AstraZeneca has asserted its patent rights to prevent that activity.

9

>   **2.     Aurobindo Has Itself Invoked Acknowledged that Declaratory
>   Judgment Jurisdiction exists over the '314 Patent**

Aurobindo USA urges the Court to dismiss Count II, alleging that the parties' dispute

over the '314 patent is insufficiently real or immediate to find or exercise declaratory judgment

jurisdiction. Simultaneously, however, Aurobindo Pharma has invoked the New Jersey court's

declaratory judgment jurisdiction in counterclaims it filed in the parallel New Jersey action,

alleging that the same facts, involving the same ANDA and the same patent, necessarily create

an actual, justiciable controversy.[4] (Ex. 5, Aurobindo's New Jersey Answer at Counterclaim

¶ 13.) Specifically, Aurobindo alleges,

> There is an actual, substantial, and continuing justiciable case or
> controversy between Aurobindo India and Plaintiffs regarding the
> invalidity of the '314 patent, of sufficient immediacy and reality to
> warrant the issuance of a declaratory judgment. A declaration of
> rights between the parties is both appropriate and necessary to
> establish that the '314 patent is invalid and therefore cannot be
> infringed.

*Id.*

Accordingly, Aurobindo's asserted declaratory judgment action acknowledges an actual

controversy regarding infringement of the '314 patent – the same controversy alleged by

AstraZeneca. The Federal Circuit has instructed that "[i]t logically follows that if such an action

creates a justiciable controversy for one party, the same action should create a justiciable

declaratory judgment controversy for the opposing party." *Teva*, 482 F.3d at 1342 (finding

---

[4]     Under § 271(e)(5), a generic drug company is authorized to file a declaratory judgment
action on patents listed in the FDA's Orange Book that are not asserted within the 45-day period,
following notice to the patent owner of the ANDA submission. AstraZeneca sued Aurobindo on
the '314 patent within the 45-day period. In filing its declaratory judgment counterclaim on the
'314 patent, therefore, Aurobindo has not invoked the Court's declaratory judgment jurisdiction
under § 271(e)(5).

declaratory judgment jurisdiction under 35 U.S.C. § 271(e)(5)).  Thus, if the courthouse doors

are open to Aurobindo, they are open to AstraZeneca as well.

### 3.    Activities that Might Be Protected from Infringement Under the § 271(e)(1) Safe-Harbor Provision Are Relevant to the Inquiry

Aurobindo argues that "[a]bsent any allegations that Aurobindo India and Aurobindo

USA have performed activities that are not otherwise protected by § 271(e)(1), [AstraZeneca]

cannot establish an actual controversy to vest this Court with subject matter jurisdiction."

(D.I. 16 at 15-16.)  The Federal Circuit has already addressed this issue.  In *Glaxo, Inc. v.

Novopharm, Ltd.,* 110 F.3d 1562, 1571 (Fed. Cir. 1997), the Federal Circuit expressly ruled that

the courts may exercise declaratory judgment jurisdiction even where the case or controversy is

"premised in part on actions protected under § 271(e)(1)."  *See also Amgen, Inc. v. Hoffman-

LaRoche Ltd.*, 456 F. Supp. 2d 267, 276 (D. Mass. 2006) (safe harbor activities may establish an

actual controversy).  Significantly, the day before this brief was due, the Federal Circuit

reaffirmed its decision in the *Glaxo* case, that conduct otherwise protected by the safe harbor

may support the Court's exercise of declaratory judgment jurisdiction.  *See Amgen, Inc. v. ITC*,

No. 2007-1014, slip op. at 14 (Fed. Cir. March 19, 2008) (analyzing the jurisdiction of the

International Trade Commission).[5]

Aurobindo, therefore, misapplies the § 271(e)(1) safe harbor, because "the protected

status of [defendant's] activities leading to its submissions to the FDA does not by itself prevent

the district court from considering [plaintiff's] request for declaratory relief because such relief is

directed to the time after the ANDA is approved, when § 271(e)(1) no longer provides a shelter

---

[5]    Although the underlying infringement allegations in *Glaxo* and *Amgen v. ITC* were based on § 271(g) (importing a product made overseas by a patented process), the analysis applies with equal force to § 271(a) infringement, because the § 271(e)(1) safe harbor applies to conduct within the scope of both statutes.

against infringement liability." *Glaxo,* 110 F.3d at 1571. Though immune from liability, Aurobindo's preparations to sell generic rosuvastatin calcium demonstrate, as in *Glaxo,* threatened future infringement when the safe harbor will no longer apply and an actual, justiciable controversy.

### 4.     The Controversy Is Real and Immediate

Aurobindo contests Count II under Rule 12(b)(1) and does not factually challenge the allegations of the Complaint. Thus, Aurobindo must show that the controversy is not real and immediate, even assuming the truth of AstraZeneca's allegations that "Aurobindo Pharma and Aurobindo USA have made substantial preparations to sell Aurobindo Rosuvastatin Calcium Tablets," and that Aurobindo "intend[s] to commence sale of Aurobindo Rosuvastatin Calcium Tablets immediately upon receiving approval from the FDA." (D.I. 1 at ¶¶ 27, 28); *see Turicentro, S.A. v. American Airlines Inc.,* 303 F.3d 293, 300 n.4 (3d Cir. 2002) (When addressing a facial attack, the court must consider all the allegations of the complaint as true). Here, there is a real and immediate controversy.

### a)     Aurobindo Plans to Enter the Market as Soon as Legally Possible

The immediacy of the threatened infringement is confirmed by the substantial preparations involved in preparing and filing an ANDA[6] and the significant market value of generic rosuvastatin calcium. Given these efforts and the significant money at stake, Aurobindo is unlikely to abandon its plan to sell generic CRESTOR® before the '314 patent expires. In

---

[6]     An ANDA requires, *at least*:  (1) a product formulated for human consumption; (2) completion of manufacturing control testing; (3) human bioequivalency clinical trials; and (4) a generic product label complete with prescribing information, warnings, and precautions.  21 C.F.R. § 314.94(a)(1)-(13).

similar circumstances, the court in *Glaxo Group Ltd. v. Apotex, Inc.*, 130 F. Supp. 2d 1006 (N.D.

Ill. 2001) found:

> [T]he enormous amount of money at stake [] leads to the
> inescapable conclusion that defendant plans to enter the market as
> soon as possible. …To hold [there is no declaratory judgment
> jurisdiction], as defendant requests, would be to close one's eyes to
> the economic realities of the situation. [The product-at-issue's]
> sales last year alone amounted to $610,000,000 worldwide.

*Id.* at 1009 (citations omitted). *See also Abbott Labs. v. Baxter Healthcare Corp.*, 2004 WL

1878291, at *6 (N.D. Ill. 2004) ("[T]ime and cost involved in filing an ANDA indicate an intent

to market [the generic product at issue].").

**REDACTED**

### b)    FDA Approval Is Not Required for Jurisdiction

According to Aurobindo there is no immediate controversy, because FDA's approval of

Aurobindo's ANDA has not occurred or is not imminent. (D.I. 16 at 16-17.)  It is well settled,

however, that FDA approval is not a prerequisite to declaratory judgment jurisdiction.  The filing

of an ANDA itself can create an actual case or controversy.  *See Glaxo v. Novopharm*, 110 F.3d

at 1571; *Glaxo v. Apotex*, 130 F. Supp. 2d at 1008; *Takeda Chem. Indus., Ltd. v. Watson

Pharms., Inc.*, 329 F. Supp. 2d 394, 402 (S.D.N.Y. 2004); *see also Amgen*, No. 2007-1014, slip

op. at 15.  Aurobindo's submission of its ANDA demonstrates an actual and immediate

controversy, concerning Aurobindo's significant, systematic, and deliberate actions to obtain

FDA approval to sell a generic rosuvastatin calcium product.

c)      **The 30-Month Stay of Approval Does Not Negate Jurisdiction**

Aurobindo proposes a *per se* rule for ANDA cases that the 30-month stay of FDA

approval precludes declaratory judgment jurisdiction.[7]  However, the cases on which Aurobindo

relies to support that proposition were governed by Federal Circuit precedent decided before the

Supreme Court's *MedImmune* ruling, which rejected the Federal Circuit's prior narrow

construction of declaratory judgment jurisdiction.  *See, e.g., Teva*, 482 F.3d at 1334 (reversing a

district court under the *MedImmune* standard, where the district court applied the reasonable

apprehension of suit standard).

Aurobindo cites *Abbott Labs. v. Zenith Labs., Inc.*, 934 F. Supp. 925 (N.D. Ill. 1995), as

ruling that a period even shorter than 30 months is not sufficiently immediate for declaratory

judgment jurisdiction.  In that case, unlike here, there was a significant possibility that the

specification for the accused product would change, diminishing the immediacy of the

controversy until the final specification of the product was known.  *Id.* at 937.  The patent at

issue in that case covered only certain crystal forms of the active ingredient.  *Id.* at 947,  Because

the FDA permits alternative crystal forms of an active ingredient to be used interchangeably,[8] it

---

[7]      Aurobindo argues that "the 30 month stay has removed any fear that the ANDA
application will be approved by the FDA in the immediate future." (D.I. 16 at 17.)

[8]      *See* FDA "Guidance for Industry: ANDAs: Pharmaceutical Solid Polymorphism
Chemistry, Manufacturing, and Controls Information", available at
http://www.fda.gov/CDER/guidance/7590fnl.pdf (visited Mar. 1, 2008) ("[D]ifferences in drug
substance polymorphic forms do not render drug substances different active ingredients for the
purposes of ANDA approvals within the meaning of the Act and FDA regulations.") (citing 57
FR 17958, Apr. 28, 1992).

was possible for the defendant in *Abbott* to avoid the patent by specifying a non-infringing crystal form.

Here, however, the '314 patent claims the underlying FDA-approved active ingredient in CRESTOR®, rosuvastatin calcium. There is no possibility of designing around or otherwise changing the active ingredient to avoid infringement. Aurobindo must use rosuvastatin calcium in its product. This aspect of Aurobindo's product will not change, and the controversy, therefore, is ripe for adjudication.

More recently, the same court that decided *Abbott* held that little more than filing an ANDA creates a sufficient controversy for declaratory judgment jurisdiction in circumstances similar to this one. *See Glaxo v. Apotex*, 130 F. Supp. 2d at 1008-09. In that case, the court exercised its declaratory judgment jurisdiction upon finding that the "defendant has filed and the FDA has accepted for filing the ANDA, which, as both parties recognize, means that the defendant is ready or has at least made meaningful preparations to be ready to market the allegedly infringing product." *Id.* at 1008

Aurobindo selectively quoted *Abbott Diabetes Care, Inc. v. Dexcom, Inc.,* No. 05-590, 2006 WL 2375035, at *3 n.3 (D. Del. Aug. 16, 2006), to suggest that "the absence of FDA approval is evidence that the dispute between the parties is neither real nor immediate." Aurobindo, however, omitted the court's preceding sentence, which states, "The court agrees with the argument [patent holder] makes in its answering brief, namely that FDA approval is not the standard by which it should evaluate whether an actual controversy existed at the time the complaint was filed." *Id.*

In fact, the absence of FDA approval in that case was not the reason for the court's declining to exercise declaratory judgment jurisdiction. Instead, the controversy was not ripe,

because the final specification of the likely product was not known when the case was filed. The FDA submission at issue was not an ANDA, but a premarket approval application for a medical device with viable non-infringing design alternatives. Unlike generic drugs which must use the approved active ingredient,[9] the court in *Abbott Diabetes Care* found that the "[patent holder] has not demonstrated that [defendant] produced or has prepared to produce a product that would be subject to an infringement charge under 35 U.S.C. § 271." *Id.* Significantly, the court further found that the "[patent holder] did not, and could not, allege with any certainty that 'the device when approved would be the same device that began clinical trials . . . .'" *Id.* at *9.

In contrast, the active ingredient at issue in this case, rosuvastatin calcium, must be used in Aurobindo's generic drug product. There is, therefore, a ripe and immediate controversy as to whether Aurobindo's product infringes the '314 patent.

### 5. Exercising Jurisdiction Over Count II Will Promote Judicial Economy and Is Consistent with the Purpose and Policy of the Hatch-Waxman Act

After finding a justiciable controversy, a court has discretion to exercise declaratory judgment jurisdiction if it "would settle the legal relations in dispute and afford relief from uncertainty or insecurity . . . ." *See SanDisk*, 480 F.3d at 1383 (citing *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)).

#### a) Exercising Jurisdiction Will Not Undermine the Purpose and Policy of the Hatch-Waxman Act

Aurobindo mistakenly claims that AstraZeneca's "Count II is an attempt to circumvent the protection from infringement suits afforded by the Hatch-Waxman Amendments *until after premarket approval by the FDA*." (D.I. 16 at 20 (emphasis added).) There is no such protection

---

[9]    *See* 21 C.F.R. § 314.94(a)(5).

for generic drug products. The safe harbor provided by § 271(e)(1) provides an immunity from infringement liability for activities related to an ANDA submission to the FDA for drug approval. However, the Hatch-Waxman Amendments expressly contemplate that an ANDA applicant may be sued upon submitting an ANDA that certifies the applicant's intention to market the drug product before patent expiration. *Eli Lilly and Co. v. Medtronic, Inc.*, 496 U.S. 661, 676 (1990). As a result, patent infringement litigation concerning generic drug products may commence well before "premarket approval by the FDA." *See, e.g., Glaxo v. Novopharm*, 110 F.3d at 1570 (Fed. Cir 1997) (future infringement under § 271(g)); *see also Allergan, Inc. v. Alcon Laboratories, Inc.*, 324 F.3d 1322, 1331-32 (Fed. Cir. 2003) (induced infringement under § 271(e)(2)); *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003) (induced infringement under § 271(b)).

The case upon which Aurobindo principally relies, *Intermedics, Inc. v. Ventritex*, Inc., 775 F. Supp. 1269 (N.D. Cal. 1991), is distinguishable, because it involved an application to the FDA for approval of a medical device, for which the implications of the § 271(e)(1) safe harbor are quite different than for generic drug products. In that case, the patent owner asked the court to disregard the § 271(e)(1) safe harbor upon a showing that the accused infringer intended to market the medical device before patent expiration. *Id.* at 1273. The court declined to read an intent element into § 271(e)(1), noting the impracticality of ascertaining a company's intentions. *Id.* at 1274. As a result, the court ruled that "a case and controversy could arise only if either defendants [exceeded the scope of the safe harbor] or the FDA granted pre-market approval of

17

the [medical device] and defendants began attempting to sell it in the general commercial market."[10] *Id.* at 1289.

The practical effect of § 271(e)(1) is, however, different for generic drug products. The FDA statute and regulations require an ANDA applicant to certify its intentions – whether it will market the generic drug product before patent expiration or wait until the patent expires. *Lilly*, 496 U.S. at 677. If the applicant certifies its intention to market the product before patent expiration, the applicant loses its immunity from patent infringement suits. *See* 35 U.S.C § 271(e)(2). Thus, Aurobindo wrongly asserts that § 271(e)(1) immunizes it from suit "until after premarket approval by the FDA," and the purposes and policies of the Hatch-Waxman Amendments are not undermined when ancillary claims of patent infringement under § 271(a) are brought in connection with related claims under § 271(e)(2).

Indeed, prompt resolution of all disputes regarding infringement of the '314 patent and Aurobindo's drug product is consistent with the purpose underlying both the declaratory judgment and Hatch-Waxman statutes. *See Teva*, 482 F.3d at 1344 ("'the statutory scheme of the Hatch-Waxman Act relies on early resolution of patent disputes'" (quoting Sen. Kennedy during debate of Medicare Modernization Act. 149 Cong. Rec. S15885 (Nov. 25, 2003))). Adjudicating AstraZeneca's declaratory judgment count for threatened infringement under § 271(a) at the same time as the infringement issues under § 271(e)(2) furthers this purpose and imposes no additional burdens on Aurobindo.

---

[10]    Unlike the situation here, the court declined to exercise declaratory judgment jurisdiction because it found that "the FDA could require defendants to make changes in the [medical device] as a condition to approval. If so, the content of the dispute between these parties could change." *Intermedics*, 775 F. Supp. at 1290.

Finally, Aurobindo wrongly argues that *Abbott v. Zenith*, 934 F. Supp. 925 prevents this Court from exercising declaratory judgment jurisdiction over AstraZeneca's § 271(a) infringement.  In *Abbott*, the court dismissed the patent owner's § 271(e)(2) count, because it had failed to properly list the underlying patent in the FDA's "Orange Book"—a prerequisite to a § 271(e)(2) action.  *Id.* at 936.  The court then dismissed the patent owner's claims under § 271(a) for threatened infringement explaining, "Because § 271(e)(2) cannot be invoked, the 'safe haven' provided by § 271(e)(1) remains in force until Defendant begins to market its [generic drug product]." *Id.* at 939.

Unlike the situation in Abbott, where "§ 271(e)(2) cannot be invoked,"  AstraZeneca has properly invoked § 271(e)(2), and the § 271(e)(1) immunity from suit is no longer in force.  Accordingly, § 271(e)(1) does not preclude the court from exercising declaratory judgment jurisdiction to efficiently and simultaneously adjudicate both the § 271(e)(2) and § 271(a) counts, and resolve all patent infringement and validity issues between AstraZeneca and Aurobindo in this litigation.

### 6.     The Remedy Under Count I May Not Be Adequate

The exercise of jurisdiction under the Declaratory Judgment Act is appropriate "whether or not further relief is or could be sought."  28 U.S.C. § 2201; *Lang v. Pacific Marine and Supply Co., Ltd.*, 895 F.2d 761, 764 (Fed. Cir. 1990) ("[T]he fact that the patent owner, unlike the accused infringer, will have an express statutory remedy for infringement at a later time is irrelevant").  Nevertheless, Aurobindo argues that the Court should decline to exercise declaratory judgment jurisdiction because no further relief is available for infringement under 35 U.S.C. § 271(a) beyond the relief available for § 271(e)(2) infringement.  AstraZeneca disagrees.

The relief under § 271(e)(2) requested in Count I focuses primarily on the subject matter of Aurobindo's ANDA.  The relief under § 271(a) requested and Count II would prohibit all

forms of infringement of the '314 patent, whether or not associated with this ANDA. It would prohibit active inducement of importation into the United States of unapproved rosuvastatin calcium from Canada or other countries where it may be marketed. It would also prohibit Aurobindo from entering into an agreement to market rosuvastatin calcium which is the subject of some other entity's ANDA.

It is because such declaratory judgment counts are necessary in order to fully resolve the controversy between the parties that they are regularly included in ANDA complaints and routinely litigated without incident. *See, e.g., Forest Labs., Inc. v. IVAX Pharm., Inc.,* 438 F. Supp. 2d 479 (D. Del. 2006) (Complaint included claim for patent infringement due to ANDA filing under § 271(e) and future infringing acts under § 271(a)). Aurobindo's motion to dismiss Count II should be denied so that the parties can proceed to completely resolve this dispute.

## V.     CONCLUSION

For the forgoing reasons, the Court should deny Aurobindo USA's motion to dismiss Count I and Count II of the Complaint.

|  |  |
|---|---|
| | Respectfully Submitted: |
| Ford F. Farabow<br>Charlie E. Lipsey<br>York M. Faulkner<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, D.C. 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400<br><br>Henry J. Renk<br>FITPATRICK, CELLA, HARPER & SCINTO<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Telephone: (212) 218-2100<br>Facsimile: (212) 218-2200<br><br>*Of Counsel for Plaintiffs,*<br>AstraZeneca Pharmaceuticals LP, AstraZeneca<br>UK Limited, IPR Pharmaceuticals, Inc., and<br>Shionogi Seiyaku Kabushiki Kaisha<br><br><br>**REDACTED VERSION: March 27, 2008**<br>Dated: March 20, 2008 | */s/ Mary W. Bourke*<br>Mary W. Bourke (#2356)<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>1007 N. Orange Street<br>Wilmington, DE 19899<br>Telephone: (302) 658-9141<br>Facsimile: (302) 658-5614<br>mbourke@cblh.com<br>*Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I, hereby certify on this 27th day of March, 2008 I electronically filed the foregoing Redacted Version DI 30, PLAINTIFFS' BRIEF IN SUPPORT OF ITS OPPOSITION TO AUROBINDO USA, INC.'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER RULE 12(b)(1) with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record:

**Richard D. Kirk**
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130
Phone: 302-655-5000
Fax: 302-658-6395
rkirk@bayardfirm.com

The undersigned counsel further certifies that, on March 27, 2008, copies of the foregoing document were also served upon the following individuals in the manner indicated:

**Via Email:**
**Richard D. Kirk**
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130
Phone: 302-655-5000
Fax: 302-658-6395
rkirk@bayardfirm.com

**Via Email:**
**Edward J. Pardon**
**Jeffrey S. Ward**
**Thomas P. Heneghan**
Michael Best & Friedrich LLP
One South Pinckney Street, Suite 700
Madison WI 53703
Phone: 608-257-3501
Fax: 608-283-2275
ejpardon@michaelbest.com
tpheneghan@michaelbest.com
jsward@michaelbest.com

**CONNOLLY BOVE LODGE & HUTZ LLP**

By: /s/ Mary W. Bourke
**Mary W. Bourke (#2356)**
1007 N. Orange Street
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
mbourke@cblh.com

601013

# EXHIBIT 1
# FULLY REDACTED

# EXHIBIT 2
# FULLY REDACTED

# EXHIBIT 3
# FULLY REDACTED

# EXHIBIT 4
# FULLY REDACTED

# EXHIBIT 5

Arnold B. Calmann (abc@saiber.com)
Jane Jhun  (jj@saiber.com)
**SAIBER LLC**
One Gateway Center
13th Floor
Newark, NJ 07102-5311
Tel: 973.622.3333
Fax: 973.622.3349

Of Counsel:
Jeffrey S. Ward (jsward@michaelbest.com)
Thomas P. Heneghan (tpheneghan@michalbest.com)
Shane A. Brunner (sabrunner@michaelbest.com)
Edward J. Pardon (ejpardon@michaelbest.com)
**MICHAEL BEST & FRIEDRICH LLP**
One South Pinckney Street
P.O. Box 1806
Madison, WI  53701-1806
Tel: 608.257.3501
Fax: 608.283.2275

Attorneys for Defendants
Aurobindo Pharma Limited and
Aurobindo Pharma USA, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASTRAZENECA PHARMACEUTICALS LP,)<br>ASTRAZENECA UK LIMITED,<br>IPR PHARMACEUTICALS, INC., and<br>SHIONOGI SEIYAKU KABUSHIKI<br>KAISHA,<br><br>        Plaintiffs,<br><br>        v.<br><br>AUROBINDO PHARMA LIMITED, and<br>AUROBINDO PHARMA USA, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 07-CV-06020 (MLC)(JJH)<br><br>**DEMAND FOR JURY TRIAL**<br><br>*DOCUMENT ELECTRONICALLY*<br>*FILED* |

**DEFENDANT AUROBINDO PHARMA LIMITED'S ANSWER TO THE COMPLAINT**

Aurobindo Pharma Limited by its attorneys Saiber LLC and Michael Best & Friedrich

LLP, hereby answers Plaintiffs' Complaint as follows:

### Nature of Action

1.    This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., and in particular under 35 U.S.C. §§ 271(e) and (a).  This action relates to an Abbreviated New Drug Application ("ANDA") filed by and/or for the benefit of Aurobindo Pharma Limited and Aurobindo Pharma USA Inc. ("the Aurobindo ANDA") with the United States Food and Drug Administration ("FDA") for approval to market generic versions of Plaintiffs' highly successful Crestor® pharmaceutical products that are sold in the United States.

ANSWER:    Aurobindo Pharma Limited ("Aurobindo India") admits that the Complaint

purports to state an action alleging patent infringement under the patent laws of the United

States, 35 U.S.C. § 100 et seq., and in particular under 35 U.S.C. §§ 271(e) and (a).  Aurobindo

India admits that this action relates to an ANDA submitted by Aurobindo India to the FDA for

approval to market generic versions of Crestor® pharmaceutical products that are sold in the

United States.   All other allegations in paragraph 1 that are not specifically admitted are denied.

### Parties

2.    Plaintiff AstraZeneca Pharmaceuticals LP ("AstraZeneca") is a corporation operating and existing under the laws of Delaware with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803 USA.

ANSWER:    Aurobindo India has insufficient knowledge to form a belief as to the truth of the

allegations of paragraph 2, and therefore denies them.

3.    Plaintiff AstraZeneca UK Limited is a corporation operating and existing under the laws of the United Kingdom with its principal place of business at 15 Stanhope Gate, London W1K 1LN, England.

ANSWER:    Aurobindo India has insufficient knowledge to form a belief as to the truth of the

allegations of paragraph 3, and therefore denies them.

4.    Plaintiff IPR Pharmaceuticals, Inc. ("IPR") is a corporation operating and existing

- 2 -

under the laws of Puerto Rico with its principal place of business at Carr 188 Lote 17, San Isidro
Industrial Park, Canovanas, Puerto Rico 00729.

ANSWER:    Aurobindo India has insufficient knowledge to form a belief as to the truth of the

allegations of paragraph 4, and therefore denies them.


5.    Plaintiff Shionogi Seiyaku Kabushiki Kaisha is a corporation operating and
existing under the laws of Japan with its principal place of business at 1-8, Doshomachi 3-
chome, Chuo-ku, Osaka 541-0045 Japan.

ANSWER:    Aurobindo India has insufficient knowledge to form a belief as to the truth of the

allegations of paragraph 5, and therefore denies them.


6.    On information and belief, Defendant Aurobindo Pharma Limited ("Aurobindo
Pharma") is a corporation operating and existing under the laws of India with its principal place
of business at Plot # 2, Maitri Vihar, Ameerpet, Hyderabad — 500 038, Andhra Pradesh, India.

ANSWER:    Aurobindo India admits the allegations contained in paragraph 6 of the

Complaint.


7.    On information and belief, Defendant Aurobindo Pharma USA Inc. ("Aurobindo
USA") is a wholly owned subsidiary of Aurobindo Pharma and is a corporation operating and
existing under the laws of Delaware with its principal place of business at 2400 Route 130 North,
Dayton, New Jersey 08810 USA (Middlesex County).

ANSWER:    Aurobindo India admits the allegations contained in paragraph 7 of the

Complaint.

<u>Background</u>

8.    IPR is the holder of approved New Drug Application ("NDA") No. 021366 for
Crestor® Tablets, in 5 mg, 10 mg, 20 mg, and 40 mg dosage forms, containing rosuvastatin
calcium. AstraZeneca is IPR's authorized agent for matters related to NDA No. 021366.

ANSWER:    Aurobindo India admits that according to the Orange Book IPR is the holder of

approved NDA No. 021366 for Crestor® Tablets, in 5 mg, 10 mg, 20 mg, and 40 mg dosage

forms, containing rosuvastatin calcium. Aurobindo India has insufficient knowledge to form a

belief as to the truth of the other allegations in paragraph 8 not specifically admitted, and

therefore denies them.

9.     CRESTOR® (rosuvastatin calcium) is a prescription drug belonging to a group of medicines (called statins) that are used to treat high cholesterol. Crestor® is one of the most effective lipid-lowering statins available. Over 11 million patients have been prescribed Crestor®, and over 110 million prescriptions have been written worldwide for Crestor®.

ANSWER:     Aurobindo India admits that CRESTOR® (rosuvastatin calcium) is a prescription

drug belonging to a group of medicines (called statins) that are used to treat high cholesterol.

Aurobindo India has insufficient knowledge to form a belief as to the truth of the other

allegations in paragraph 9 not specifically admitted, and therefore denies them.

10.     Plaintiffs, among other things, manufacture, market, promote, educate the public and physicians about, and conduct research and development on existing and new indications for Crestor® Tablets. Plaintiffs financially benefit from sales of Crestor® Tablets in the United States.

ANSWER:     Aurobindo India has insufficient knowledge to form a belief as to the truth of the

allegations in paragraph 10, and therefore denies them.

11.     On information and belief, Aurobindo Pharma and/or Aurobindo USA filed with the FDA, in Rockville, Maryland, ANDA No. 79-170 under 21 U.S.C. § 355(j) to obtain FDA approval for the commercial manufacture, use, importation, offer for sale, and sale in the United States of rosuvastatin calcium tablets in 5 mg, 10 mg, 20 mg, and 40 mg dosage strengths, which are generic versions of Plaintiffs' Crestor® Tablets in 5 mg, 10 mg, 20 mg, and 40 mg dosage strengths, respectively.

ANSWER:     Aurobindo India admits that it submitted ANDA No. 79-170 to the FDA, in

Rockville, Maryland, under 21 U.S.C. § 355(j) to obtain FDA approval of rosuvastatin calcium

tablets in 5 mg, 10 mg, 20 mg, and 40 mg dosage strengths, which are generic versions of

Crestor® Tablets in 5 mg, 10 mg, 20 mg, and 40 mg dosage strengths, respectively. Aurobindo

India denies all other allegations in paragraph 11 not specifically admitted.

12.     By letter dated October 31, 2007, Aurobindo Pharma notified Plaintiffs that it had filed an ANDA seeking FDA approval to market rosuvastatin calcium tablets in 5 mg, 10 mg, 20

mg, and 40 mg dosage strengths (hereinafter referred to as "the Aurobindo Rosuvastatin Calcium Tablets"), and that it was providing information to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95.

ANSWER:    Aurobindo India admits the allegations contained in paragraph 12 of the

Complaint.

13.    On information and belief, Aurobindo Pharma is in the business of developing and manufacturing generic pharmaceutical products. On information and belief, Aurobindo Pharma sells and delivers its pharmaceutical products to Aurobindo USA in New Jersey. On information and belief Aurobindo USA is the agent, affiliate, representative, and/or alter ego of, and/or acts in concert with, Aurobindo Pharma for the purposes of marketing, distributing, and selling generic pharmaceutical products within the United States, including the State of New Jersey.

ANSWER:    Aurobindo India admits that it is in the business of developing and manufacturing

generic pharmaceutical products and that it sells and delivers its pharmaceutical products to

Aurobindo USA in New Jersey. Aurobindo India denies all other allegations in paragraph 13 not

specifically admitted.

14.    On information and belief, Aurobindo USA, as the authorized agent of Aurobindo Pharma and/or in its own capacity, participated in the preparation and filing with the FDA of the Aurobindo ANDA for approval to market generic rosuvastatin calcium in the United States.

ANSWER:    Aurobindo India denies the allegations contained in paragraph 14 of the

Complaint.

## Jurisdiction and Venue

15.    Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

ANSWER:    Aurobindo India admits that subject-matter jurisdiction is proper under 28 U.S.C.

§§ 1331 and 1338(a) over Count I of the Complaint (D.I. 1 at ¶¶20-25). Aurobindo India denies

that subject-matter jurisdiction is proper under 28 U.S.C. §§ 2201 and 2202 over Count II of the

Complaint (D.I. 1 at ¶¶26-31).

- 5 -

16.    On information and belief, Aurobindo Pharma has developed a complete infrastructure in terms of marketing, sales, administration, finance and distribution in the United States. On information and belief, that infrastructure includes Aurobindo USA. On information and belief, Aurobindo Pharma develops and manufactures generic drugs and, directly or indirectly through Aurobindo USA, markets, distributes, and sells its generic drugs throughout the United States, including the State of New Jersey.

ANSWER:    Aurobindo India denies the allegations contained in paragraph 16 of the

Complaint.


17.    Personal jurisdiction over Aurobindo Pharma is proper because it purposefully avails itself of the privilege of selling its generic products in the state of New Jersey and can therefore reasonably expect to be subject to jurisdiction in Courts in New Jersey. Among other things, upon information and belief, Aurobindo Pharma, directly or through its subsidiary Aurobindo USA, places goods into the stream of commerce for distribution throughout the United States, including the State of New Jersey. In addition, Aurobindo Pharma maintains continuous and systematic contacts with its wholly owned subsidiary, Aurobindo USA, in the State of New Jersey.

ANSWER:    Aurobindo India admits personal jurisdiction over it is proper because it maintains

a branch office in New Jersey. Aurobindo India denies all other allegations in paragraph 17 not

specifically admitted.


18.    Personal jurisdiction over Aurobindo USA is proper because Aurobindo USA's principal place of business is in this judicial district and, thus, Aurobindo USA has purposely availed itself of the privilege of doing business in the State of New Jersey. Further, Aurobindo USA maintains continuous and systematic contacts with the State of New Jersey so as to reasonably allow jurisdiction to be exercised over it.

ANSWER:    Aurobindo India admits the allegations contained in paragraph 18 of the

Complaint.


19.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

ANSWER:    Aurobindo India admits the allegations contained in paragraph 19 of the

Complaint.

## Count I

## Infringement of United States Patent No. RE 37,314 Under 35 U.S.C. § 271(e)(2)

20.    Plaintiffs incorporate by reference paragraphs 1-19 of this Complaint as if fully set forth herein.

ANSWER:    Aurobindo India incorporates by reference its answers to paragraphs 1-19 of this

Complaint as if fully set forth herein.

21.    United States Patent No. RE37,314 ("the '314 patent"), entitled "Pyrimidine Derivatives," was duly and legally reissued by the United States Patent and Trademark Office on August 7, 2001. Plaintiffs hold all substantial rights in the '314 patent and have the right to sue for infringement thereof. A true and correct copy of the '314 patent is attached as Exhibit A.

ANSWER:    Aurobindo India admits that the '314 patent is entitled "Pyrimidine Derivatives."

Aurobindo India denies that the '314 patent was duly and legally reissued by the United States

Patent and Trademark Office on August 7, 2001. Aurobindo India admits that a true and correct

copy of the '314 patent is attached as Exhibit A. Aurobindo India has insufficient knowledge to

form a belief as to the truth of the other allegations in paragraph 21 not specifically admitted or

denied, and therefore denies them.

22.    On information and belief, Aurobindo Pharma and Aurobindo USA filed ANDA No. 79-170 in order to obtain approval to market the Aurobindo Rosuvastatin Calcium Tablets in the United States before the expiration of the '314 patent. On information and belief, Aurobindo Pharma and Aurobindo USA also filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '314 patent are invalid.

ANSWER:    Aurobindo India admits that it submitted ANDA No. 79-170 in order to obtain

approval to market the Aurobindo Rosuvastatin Calcium Tablets in the United States before the

expiration of the '314 patent and that it also filed with the FDA, pursuant to 21 U.S.C. §

355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the

claims of the '314 patent are invalid. Aurobindo India denies all other allegations in paragraph

22 not specifically admitted.

23.     On information and belief, Aurobindo Pharma and Aurobindo USA do not assert that Aurobindo Rosuvastatin Calcium Tablets are not covered by one or more claims of the '314 patent.

ANSWER:     Aurobindo India admits that the letter dated October 31, 2007 to Plaintiffs

referenced in paragraph 12 of the Complaint does not assert that the Aurobindo Rosuvastatin

Calcium Tablets are not covered by one or more claims of the '314 patent. Aurobindo India

denies all other allegations in paragraph 23 not specifically admitted.

24.     Under 35 U.S.C. § 271(e)(2)(A), the submission by Aurobindo Pharma and/or Aurobindo USA to the FDA of ANDA No. 79-170 to obtain approval for the commercial manufacture, use, or sale of the Aurobindo Rosuvastatin Calcium Tablets before the expiration date of the '314 patent constitutes infringement of one or more claims of the '314 patent, either literally or under the doctrine of equivalents.

ANSWER:     Aurobindo India admits that under 35 U.S.C. § 271(e)(2)(A), its submission to the

FDA of ANDA No. 79-170 to obtain approval for the commercial manufacture, use, or sale of

the Aurobindo Rosuvastatin Calcium Tablets before the expiration date of the '314 patent is an

artificial act of infringement as set forth in the relevant statutes and case law. Aurobindo India

denies all other allegations in paragraph 24 not specifically admitted.

25.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

ANSWER:     Aurobindo India denies the allegations contained in paragraph 25 of the

Complaint.

## Count II

## Declaratory Judgment of Infringement of United States Patent No. RE37,314 Under U.S.C. § 271(a)

26.     Plaintiffs incorporate by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

- 8 -

ANSWER:     Aurobindo India incorporates by reference its answers to paragraphs 1-25 of this

Complaint as if fully set forth herein.


27.     Upon information and belief, Aurobindo Pharma and Aurobindo USA have made
substantial preparations to sell Aurobindo Rosuvastatin Calcium Tablets labeled for the same
dosages as the Crestor® products.

ANSWER:     Aurobindo India denies the allegations contained in paragraph 27 of the

Complaint.


28.     Upon information and belief, Aurobindo Pharma and Aurobindo USA intend to
commence sale of Aurobindo Rosuvastatin Calcium Tablets immediately upon receiving
approval from the FDA.

ANSWER:     Admitted that Aurobindo India submitted an ANDA for its Rosuvastatin Calcium

Tablets to the FDA seeking approval to market that product prior to the expiration of the '314

patent.  Aurobindo India denies all other allegations of paragraph 28 not specifically admitted .


29.     The manufacture, importation, sale, and offer for sale of Aurobindo Rosuvastatin
Calcium Tablets, once approved by the FDA, will directly infringe, induce and/or contribute to
the infringement of one or more claims of the '314 patent under 35 U.S.C. § 271(a).

ANSWER:     Aurobindo India denies the allegations contained in paragraph 29 of the

Complaint.


30.     Plaintiffs will be substantially and irreparably harmed by the infringing activities
described above unless those activities are enjoined by this Court.  Plaintiffs have no adequate
remedy at law.

ANSWER:     Aurobindo India denies the allegations contained in paragraph 30 of the

Complaint.


31.     An actual controversy exists relating to Aurobindo Pharma and Aurobindo USA's
threatened infringement of the '314 patent.

ANSWER:     Aurobindo India denies the allegations contained in paragraph 31 of the

Complaint.

## SEPARATE DEFENSES

1.      The Court lacks subject-matter jurisdiction over Count II of the Complaint (D.I. 1 at p. 7 ¶¶26-31).

2.      One or more of the claims of the '314 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code, including §§ 102, 103, 112, and 251 thereof.

3.      Aurobindo India reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case.

## COUNTERCLAIM

Defendant/Counterclaim-Plaintiff Aurobindo India, for its Counterclaim against AstraZeneca Pharmaceuticals LP ("AstraZeneca Pharma"), AstraZeneca UK Limited ("AstraZeneca UK"), IPR Pharmaceuticals, Inc. ("IPR"), and Shionogi Seiyaku Kabushiki Kaisha ("Shionogi") (collectively "Plaintiffs"), alleges as follows:

### The Parties

1.      Aurobindo India is a corporation operating and existing under the laws of India with its principal place of business at Plot # 2, Maitri Vihar, Ameerpet, Hyderabad — 500 038, Andhra Pradesh, India.

2.      AstraZeneca Pharma purports to be a corporation operating and existing under the laws of Delaware with its principal place of business at 1800 Concord Pike, Wilmington,

Delaware 19803 USA.

3.      AstraZeneca UK purports to be a corporation operating and existing under the laws of the United Kingdom with its principal place of business at 15 Stanhope Gate, London W1K 1LN, England.

4.      IPR purports to be a corporation operating and existing under the laws of Puerto Rico with its principal place of business at Carr 188 Lote 17, San Isidro Industrial Park, Canovanas, Puerto Rico 00729.

5.      Shionogi purports to be a corporation operating and existing under the laws of Japan with its principal place of business at 1-8, Doshomachi 3-chome, Chuo-ku, Osaka 541-0045 Japan.

### Jurisdiction and Venue

6.      This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28, U.S.C. §§ 2201 and 2202.

7.      This Court has personal jurisdiction over Plaintiffs because Plaintiffs have availed themselves of the rights and privileges, and subjected themselves to the jurisdiction of this forum by suing Defendants in this District, and/or because Plaintiffs conduct substantial business in this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

### Patent-in-Suit

9.      On or about August 7, 2001, the U.S. Patent and Trademark Office ("PTO") reissued U.S. Reissue Patent No. RE 37,314 E ("the '314 patent"), entitled "Pyrimidine

Derivatives," to Kentaro Hirai, Teruyuki Ishiba, Haruo Koike and Masamichi Watanabe.

10.    Plaintiffs purport and claim to own, and to have the right to enforce the '314 patent.

11.    On or about December 18, 2007, Plaintiffs sued Defendants in this District alleging infringement of the '314 patent under 35 U.S.C. § 271(e)(2)(A).

## COUNT I

### (Declaratory Judgment of Invalidity of the '314 Patent)

12.    Aurobindo India re-asserts and re-alleges paragraphs 1-11 of this Counterclaim as if fully set forth herein.

13.    There is an actual, substantial, and continuing justiciable case or controversy between Aurobindo India and Plaintiffs regarding the invalidity of the '314 patent, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. A declaration of rights between the parties is both appropriate and necessary to establish that the '314 patent is invalid and therefore cannot be infringed by Aurobindo India.

14.    The claims of the '314 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code, including §§ 102, 103, 112, and 251 thereof.

15.    Aurobindo India is entitled to a judicial declaration that the claims of the '314 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Aurobindo India respectfully requests:

A.    That the Complaint filed by Plaintiffs against Aurobindo India be dismissed in its

entirety with prejudice, that judgment be entered in favor of Aurobindo India and against
Plaintiffs on all claims set forth in the Complaint, and that Plaintiffs be denied all relief requested
from Aurobindo India in the Complaint;

     B.     That the Court declare that the claims of the '314 patent are invalid;

     C.     That the Court award Aurobindo India its reasonable attorneys' fees, costs, and
expenses in this action pursuant to 3 U.S.C. § 285 and all other applicable statutes, rules, and
common law.

     D.     That the Court grant Aurobindo India such other further relief as it may deem just
and proper.

Dated:  January 31, 2008.                     Respectfully submitted,

                                              **SAIBER LLC**
                                              Attorneys for Defendants
                                              Aurobindo Pharma Limited and
                                              Aurobindo Pharma USA, Inc.

                                              /s/ Arnold B. Calmann
                                              Arnold B. Calmann
                                              Jane Jhun
                                              One Gateway Center
                                              13th Floor
                                              Newark, NJ 07102-5311
                                              Tel: 973.622.3333
                                              Fax: 973.622.3349

                                              abc@saiber.com
                                              jj@saiber.com

                                              Of Counsel:

                                              Jeffrey S. Ward
                                              Thomas P. Heneghan
                                              Shane A. Brunner
                                              Edward J. Pardon

                                              **MICHAEL BEST & FRIEDRICH LLP**
                                              One South Pinckney Street
                                              P.O. Box 1806
                                              Madison, WI  53701-1806
                                              Tel: 608.257.3501
                                              Fax: 608.283.2275

                                              jsward@michaelbest.com
                                              tpheneghan@michaelbest.com
                                              sabrunner@michaelbest.com
                                              ejpardon@michaelbest.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2 & 40.1

On behalf of defendant Aurobindo Pharma Limited ("Aurobindo Pharma"), I hereby

certify that the following actions are related:

1. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v. MYLAN PHARMACEUTICALS, INC., 1:07-cv-00805 (Dist. Delaware)

2. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v. SUN PHARMACEUTICAL INDUSTRIES LTD., SUN PHARMACEUTICAL INDUSTRIES, INC., and CARACO PHARAMCEUTICAL LABORATORIES LTD., 1:07-cv-00806 (Dist. Delaware)

3. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v. SANDOZ INC., 1:07-cv-00807 (Dist. Delaware)

4. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v. PAR PHARAMCEUTICAL, INC. 1:07-cv-00808 (Dist. Delaware)

5. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v. APOTEX INC. AND APOTEX CORP. 1:07-cv-00809 (Dist. Delaware)

6. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v. AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA USA INC., 1:07-cv-008010 (Dist. Delaware)

7. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v. COBALT PHARMACEUTICALS INC. AND COBALT LABORATORIES, INC. 1:07-cv-00811 (Dist. Delaware)

8. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v.

COBALT PHARMACEUTICALS INC. AND COBALT LABORATORIES, INC., 2:07-cv-00815 (M.D. Fla.)

9. ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA UK LIMITED,IPR PHARMACEUTICALS, INC., and SHIONOGI SEIYAKU KABUSHIKI KAISHA v. MYLAN PHARMACEUTICALS INC. AND COBALT LABORATORIES, INC., 1:07-cv-00177 (IMK) (W. Va.)

I further certify that, to the best of my knowledge, the matter in controversy is not the subjection of any other action pending in any court in this jurisdiction, or of any pending arbitration or administrative proceedings.

Dated: January 31, 2008                    By:    s/ Arnold B. Calmann
                                                  Arnold B. Calmann
                                                  **SAIBER LLC**
                                                  One Gateway Center, 13th Floor
                                                  Newark, New Jersey 07102-5311
                                                  (973) 622-3333

                                                  Attorneys for Defendants Aurobindo
                                                  Pharma Limited and Aurobindo Pharma
                                                  USA, Inc.

- 2 -

## CERTIFICATION PURSUANT TO L. CIV. R. 201.1

Pursuant to Local Civil Rule 201.1, the undersigned counsel for defendant Aurobindo

Pharma Limited hereby certifies that defendant's counterclaim herein seek injunctive relief and

damages, excluding interest, costs and punitive damages, in excess $150,000. This action is,

therefore, not appropriate for compulsory arbitration.


Dated: January 31, 2008                By:    s/ Arnold B. Calmann
                                               Arnold B. Calmann
                                               **SAIBER LLC**
                                               One Gateway Center, 13th Floor
                                               Newark, New Jersey 07102-5311
                                               (973) 622-3333

                                               Attorneys for Defendants Aurobindo
                                               Pharma Limited and Aurobindo Pharma
                                               USA, Inc.

# EXHIBIT 6
# FULLY REDACTED