IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AstraZeneca Pharmaceuticals LP<br>AstraZeneca UK Limited, IPR<br>Pharmaceuticals Inc., and<br>Shionogi Seiyaku Kabushiki Kaisha,<br><br>      Plaintiffs,<br><br>          v.<br><br>Mylan Pharmaceuticals Inc.,<br><br>      Defendant. | Civ. No. 07-805-JJF-LPS |
| AstraZeneca Pharmaceuticals LP,<br>AstraZeneca UK Limited, IPR<br>Pharmaceuticals Inc., and<br>Shionogi Seiyaku Kabushiki Kaisha<br><br>      Plaintiffs,<br><br>          v.<br><br>Sun Pharmaceutical Industries, Ltd.<br><br>      Defendant. | Civ. No. 07-806-JJF-LPS |
| AstraZeneca Pharmaceuticals LP,<br>AstraZeneca UK Limited, IPR<br>Pharmaceuticals Inc., and<br>Shionogi Seiyaku Kabushiki Kaisha<br><br>      Plaintiffs,<br><br>         v.<br><br>Sandoz, Inc.<br><br>      Defendant. | Civ. No. 07-807-JJF-LPS |

| | |
|---|---|
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha<br>    Plaintiffs,<br><br>        v.<br><br>Par Pharmaceutical, Inc.<br>    Defendant | Civ. No. 07-808-JJF-LPS |
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha<br>    Plaintiffs,<br><br>        v.<br><br>Apotex Inc. and Apotex Corp.,<br>    Defendants | Civ. No. 07-809-JJF-LPS |
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha<br>    Plaintiffs,<br><br>        v.<br><br>Aurobindo Pharma Ltd. and Aurobindo Pharma USA Inc. | Civ. No. 07-810-JJF-LPS |

| | |
|---|---|
| AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR Pharmaceuticals Inc., and Shionogi Seiyaku Kabushiki Kaisha<br><br>      Plaintiffs,<br><br>      v.<br><br>Cobalt Pharmaceuticals Inc. and Cobalt Laboratories Inc.<br><br>      Defendants | Civ. No. 07-811-JJF-LPS |

## SCHEDULING ORDER

This ____ day of April, 2008, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.1 on April 10, 2008, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;[1]

IT IS ORDERED that:

**1.** **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.**

**(PLAINTIFFS' VERSION)**

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen days of the date of this Order. The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov/SLRmain.htm (*see* Chambers, Judge Sue L. Robinson, Guidelines, Ad Hoc Committee/Electronic Discovery Default Standards), which is incorporated herein by reference.

---

[1] In entering into, and agreeing to be bound by, this Scheduling Order, none of the Defendants is waiving any of its rights relating to any pending motion to dismiss.

**(DEFENDANTS' VERSION)**

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen days of the date of this Order. The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov/SLRmain.htm (*see* Chambers, Judge Sue L. Robinson, Guidelines, Ad Hoc Committee/Electronic Discovery Default Standards), which is incorporated herein by reference, with the following modification. With respect to electronic document discovery relating to the Defendants' defenses and counterclaims of inequitable conduct (or invalidity for improper reissue under 35 U.S.C. § 251), documents identified by the requesting party as relating to these issues shall be produced in native format, including all metadata and other electronic information or identifiers, and defendants may seek forensic discovery relating to issues of knowledge and intent surrounding these defenses/counterclaims.

**2.    Joinder of Other Parties.**

All motions to join other parties shall be filed on or before March 15, 2009.

**3.    Pretrial Consolidation.**

The cases listed in Attachment A are, until further order, consolidated for pretrial purposes.

**(a)    Master Docket and File.**

The clerk will maintain a master docket and case file under the style "In re Crestor® Litigation," master file number ____. All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable.

**(b)    Captions; Separate Filing.**

Orders, pleadings, motions, and other documents will bear a caption similar to that of this

Order. If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the master file. Documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply, and extra copies shall be provided to the clerk to facilitate filing and docketing both in the master case file and the specified individual case files.

**4.      Defendants' Coordination Committee and Defendants' Liaison Counsel.**

**(PLAINTIFFS' VERSION)**

Defendants shall establish a Defendants' Coordination Committee. The composition and management of this Committee shall include a representative of each group of Defendants in each of the actions ("Defendant Group"). The Defendants' Coordination Committee shall designate a Defendants' Liaison Counsel charged with communicating between the Court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the Defendants), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions. The foregoing notwithstanding, nothing herein shall be construed to prevent any Defendant Group from expressing to the Court additional or contrary views to those expressed by the Defendants' Coordination Committee or by the Defendants' Liaison Counsel.

**(DEFENDANTS' VERSION)**

Defendants propose that this paragraph be deleted. Please see Defendants' version of Section 5(a) below as a replacement for both Plaintiff's sections 4 and 5(a).

5. **Discovery.**

(a) **Coordination of Defendants' Discovery Requests.**

**(PLAINTIFFS' VERSION)**

The Defendants' Liaison Counsel shall coordinate the initiation, conduct, and service on Plaintiffs of all discovery directed to Common Discovery Issues, including interrogatories, requests for admission, requests for documents, and deposition notices. Common Discovery Issues include, but are not limited to:

    a. validity/invalidity of any asserted patent claim;

    b. enforceability/unenforceability of any asserted patent due to inequitable conduct;

    c. the conception and reduction to practice of any asserted patent claim;

    d. the prosecution of any asserted patent, including the prosecution of any parent, counterpart, or related patent or application; and

    e. the testing, use, development, regulatory approval, licensing, or commercialization of rosuvastatin by Plaintiffs and their affiliated companies, consultants, or agents.

In addition, the Defendants' Coordination Committee shall appoint a single group of no more than three (3) attorneys to communicate with Plaintiffs' counsel concerning coordination of discovery directed to Common Discovery Issues.

Plaintiffs shall serve on counsel for each Defendant Group its objections and/or responses to discovery served on Plaintiffs for Common Discovery Issues. Plaintiffs shall produce any documents in response to discovery directed to Common Discovery Issues on counsel for each Defendant Group.

**(DEFENDANTS' VERSION)**

When and to the extent practicable, each group of Defendants in each of the actions

("Defendant Group") will designate a single spokesperson to serve as coordinating counsel for purposes of communicating with the Court and/or Plaintiffs on a particular issue or area of discovery that is common to all Defendants ("Common Discovery Issues").  Common Discovery Issues include, but are not limited to:

    a. validity/invalidity of any asserted patent claim;

    b. enforceability/unenforceability of any asserted patent due to inequitable conduct;

    c. the conception and reduction to practice of any asserted patent claim;

    d. the prosecution of any asserted patent, including the prosecution of any parent, counterpart, or related patent or application; and

    e. the testing, use, development, regulatory approval, licensing, or commercialization of rosuvastatin by Plaintiffs and their affiliated companies, consultants, or agents.

Such spokesperson need not be the same person for each issue or area of discovery that may arise.  The spokesperson will make good faith efforts to coordinate activities of the Defendants to reduce duplicative communications and filings with the Court.  But each Defendant Group reserves the right to express additional or contrary views to those expressed by the spokesman.

    **(b)**     **Interrogatories.**

**(PLAINTIFFS' VERSION)**

The Defendants may serve up to fifty (50) interrogatories on Plaintiffs directed to Common Discovery Issues.  Each Defendant Group may serve up to fifteen (15) individualized interrogatories on Plaintiffs directed to issues other than Common Discovery Issues.  Plaintiffs may serve up to twenty-five (25) interrogatories on each Defendant Group.  Any side may exceed this limitation by agreement of the parties and/or with prior leave of Court.

**(DEFENDANTS' VERSION)**

The Defendants may serve up to fifty (50) interrogatories on Plaintiffs directed to Common Discovery Issues. Each Defendant Group may serve up to fifteen (15) individualized interrogatories on Plaintiffs. Plaintiffs <u>collectively</u> may serve up to twenty-five (25) interrogatories on each Defendant Group. Any <u>party</u> may exceed this limitation by agreement of <u>all</u> parties and/or with prior leave of Court.

**(c)    Document Requests.**

**(PLAINTIFFS' VERSION)**

On or before <u>October 24, 2008</u>, all parties <u>will substantially complete the production</u> of all non-privileged documents responsive to any document request that was served on or before <u>June 2, 2008</u> pursuant to Rule 34 of the Federal Rules of Civil Procedure. <u>The parties will make a good faith effort to produce documents requested in discovery on a rolling basis as they are collected and reviewed.</u> The parties shall endeavor to have any objections to such requests resolved prior to this date. The parties will have a duty to supplement their document production pursuant Rule 26(e) after <u>October 24, 2008</u>. <u>Document requests by each side shall be unlimited, but if a party believes that any requests served upon it are oppressive, unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court. The foregoing notwithstanding, any document requests directed to Common Discovery Issues shall be served on Plaintiffs only through the Defendants' Liaison Counsel.</u>

**(DEFENDANTS' VERSION)**

On or before <u>July 14, 2008, all parties must produce</u> all non-privileged documents responsive to any document request that was served on or before <u>June 13, 2008</u> pursuant to Rule 34 of the Federal Rules of Civil Procedure. The parties shall endeavor to have any objections to

8

such requests resolved prior to this date. The parties will still have a duty to supplement their document production pursuant Rule 26(e) after <u>July 14, 2008</u>.

**(d)    Requests for Admission.**

**(PLAINTIFFS' VERSION)**

Requests for admission by each side shall be unlimited, but if a party believes that any requests served upon it are oppressive, unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court.  <u>The foregoing notwithstanding, any requests for admission directed to Common Discovery Issues shall be served on Plaintiffs only through the Defendants' Liaison Counsel.</u>

**(DEFENDANTS' VERSION)**

Requests for admission by each side shall be unlimited, but if a party believes that any requests served upon it are oppressive, unnecessary or duplicative of other discovery it may for good cause shown seek a protective order from the Court.

**(e)    Depositions.**

**(PLAINTIFFS' VERSION)**

<u>The Defendants' Coordination Committee shall coordinate and develop questions for depositions directed to Common Discovery Issues, including but not limited to depositions of Plaintiffs, Plaintiffs' employees, patent inventors, and third-party witnesses. The Defendants' Coordination Committee shall appoint a Lead Deposition Counsel for each deposition to initiate and take, as comprehensively as possible, depositions directed to Common Discovery Issues, including but not limited to depositions of Plaintiffs, Plaintiffs' employees, patent inventors, and third-party witnesses. When Lead Deposition Counsel has completed his or her examination of the witness, a single attorney for each Defendant Group ("Secondary Deposition Counsel") may</u>

question the witness concerning Common Discovery Issues not covered by Lead Counsel, reasonable follow-up examination, or individual or divergent positions, provided that in doing so they do not repeat questions of Lead Deposition Counsel. Except as otherwise stated herein, the limitations of Fed. R. Civ. P. 30(d)(2) apply to the cumulative time spent by Lead Deposition Counsel and any Secondary Deposition Counsel in examining a witness.

The Defendants may take up to twenty (20) depositions (seven (7) hours each for English-language depositions and ten (10) hours each for non-English-language depositions) of Plaintiffs, Plaintiffs' employees, or third parties that are directed to Common Discovery Issues. Each Defendant Group may take up to five (5) individualized depositions of Plaintiffs, Plaintiffs' employees, or third parties that are directed to issues other than Common Discovery Issues.

Plaintiffs may take up to twenty (20) depositions (seven (7) hours each for English-language depositions and ten (10) hours each for non-English-language depositions) of Defendants, Defendants' employees, or third parties that are directed to Common Discovery Issues. Plaintiffs may take up to five (5) depositions (seven (7) hours each for English-language depositions and ten (10) hours each for non-English-language depositions) of each Defendant Group, its employees, or related third parties.

Depositions shall not commence until the discovery required by Paragraph 5(c) is completed. For any Rule 30(b)(6) deposition that exceeds seven (7) hours, each seven (7) hour period and any additional period less than seven (7) hours shall each count as one deposition.

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall

be considered as having filed an action in this Court for the purpose of this provision.

<b><u>(DEFENDANTS' VERSION)</u></b>

The limitations on deposition discovery set forth in Rule 30 of the Federal Rules of Civil Procedure shall not apply to this action.  Instead, each side[2] shall be limited to a total of three hundred (300) hours for taking testimony by deposition upon oral examination, excluding expert depositions.  A deponent who testifies in a language other than English will be considered for purposes of the hours limitation as giving 0.5 hours of testimony for every one hour of examination.  Except for depositions of inventors, witnesses who testify in a foreign language, and corporate representatives, each side represents that the party taking the lead on a joint deposition will make reasonable efforts to conclude his or her examination in less than seven hours (exclusive of breaks), and the remaining parties represent that they will make reasonable efforts to conclude their follow-up examination at such a joint deposition in less than six hours total (exclusive of breaks).

Any officer, director, representative, agent, or employee of any party to this Action must, upon request, submit to a deposition governed by the Federal Rules of Civil Procedure and at a location at which a court reporter is available.

**(f)    Fact Discovery Cut-Off and Limitations.**

All fact discovery must be commenced so as to be completed by March 15, 2009.  The Court encourages the parties to serve and respond to contention interrogatories early in the case.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

---

[2] For purposes of this Order, each "side" shall refer to all the Defendants in the cases listed in Attachment A, on the one hand, and all the plaintiffs listed in Attachment A, on the other hand.

**(g)    Expert Reports.**

Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) on issues for which a party bears the burden of proof are due by April 22, 2009; rebuttal expert reports are due by June 1, 2009; reply reports are due by June 19, 2009. The reply reports will be limited to addressing issues raised in the initial or rebuttal reports concerning secondary considerations of non-obviousness. Along with the submissions of the expert reports, the parties shall advise one another of the dates and times of their experts' availability for deposition. Draft expert reports, any expert's personal notes, and communications between any expert and counsel shall not be discoverable. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in the Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

**(h)    Expert Depositions.**

Expert depositions shall be completed by September 1, 2009.

**(i)    Expert Report Supplementation.**

If the Court has not issued its Claim Construction Order prior to the deadline for opening expert reports, the parties shall have fifteen (15) business days to supplement their respective expert reports following the issuance of the Court's Claim Construction Order, but only to the extent necessary to conform to any claim construction different from that party's proposed construction. The parties shall have fifteen (15) business days following the service of such supplemental expert reports to supplement their corresponding rebuttal expert reports, but only to the extent necessary to respond to new matter raised in the supplemental expert reports. The parties will cooperate in good

faith to schedule and complete any expert depositions necessary due to supplementation of the parties' respective expert reports.

6. **<u>Discovery Matters.</u>**

### (PLAINTIFFS' VERSION)

Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference. Not less than seventy-two (72) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining the party's reason for its opposition. <u>If the unresolved discovery matter relates to Common Discovery Issues, Defendants shall collectively file a single letter (seeking relief or opposing relief) through Defendants' Liaison Counsel.</u> Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extensions of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

### (DEFENDANTS' VERSION)

Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-4571 to schedule a telephone conference.

Not less than seventy-two (72) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining the party's reason for its opposition. <u>If the unresolved discovery matter relates to common discovery, Defendants will use their best efforts to file a single letter (seeking relief or opposing relief).</u> Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extensions of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

    **7.** **Application to Court for Protective Order.**

Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 6 above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential [or any other level of designation] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**8.    Papers Filed Under Seal.**

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

**9.    Amendment of the Pleadings.**

Absent good cause, all motions to amend the pleadings shall be filed on or before March 15, 2009.

**10.   Interim Status Report.**

On November 28, 2008, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

**11.   Status Conference.**

On January 23, 2009, the Court will hold a Rule 16(a), (b), and (c) conference by telephone with counsel beginning at 10 a.m.  Plaintiffs' counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

**12.   Case Dispositive Motions.**

**(PLAINTIFFS' VERSION)**

Any case dispositive motions, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7.1.3 of the Local Rules of this Court, shall be served and filed with an opening brief and supporting affidavits and materials on or before September 15, 2009.  Any opposition brief will be

15

due three (3) weeks after the filing of the opening brief and supporting affidavits and materials, and reply briefs shall be due two (2) weeks after the filing of the opposition brief. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. <u>Dispositive motions directed to patent invalidity or unenforceability shall be filed by the Defendants only through the Defendants' Liaison Counsel.</u>

**(DEFENDANTS' VERSION)**

Any case dispositive motions, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7.1.3 of the Local Rules of this Court, shall be served and filed with an opening brief and supporting affidavits and materials on or before September 15, 2009. Any opposition brief will be due three (3) weeks after the filing of the opening brief and supporting affidavits and materials, and reply briefs shall be due two (2) weeks after the filing of the opposition brief. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

**13.     Claim Construction**

    **(a)     Issue Identification.**

**(PLAINTIFFS' VERSION)**

If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on January 13, 2009, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). <u>Defendants shall collectively exchange a list of term(s)/phrase(s) with Plaintiffs through Defendants' Liaison Counsel.</u> This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on January 27, 2009. The parties' Joint Claim Construction Chart should identify for

the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

### (DEFENDANTS' VERSION)

If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on January 13, 2009, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on January 27, 2009. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

    **(b)**    **Claim Construction.**

### (PLAINTIFFS' VERSION)

Simultaneous opening claim construction briefs will be exchanged and filed on February 10, 2009. Simultaneous answering claim construction briefs will be exchanged and filed on February 24, 2009. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3.(a)(4) shall control the page limitation for

initial (opening) and responsive (answering) briefs.  Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing.  <u>Defendants shall file their joint opening and joint answering claim construction briefs through the Defendants' Liaison Counsel.</u>

### **(DEFENDANTS' VERSION)**

Simultaneous opening claim construction briefs will be exchanged and filed on February 10, 2009.  Simultaneous answering claim construction briefs will be exchanged and filed on February 24, 2009.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.  Local Rule 7.1.3.(a)(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.  Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing.

### (c)     **Hearing on Claim Construction.**

Beginning at 10 a.m. on March 10, 2009, the Court will hear evidence and argument on claim construction.

### 14.     **Applications by Motion.**

Except as otherwise specified herein, any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware.  Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing.  Unless otherwise requested by the Court, Counsel shall not deliver copies of papers or correspondence to Chambers.

### 15.     **Pretrial Conference.**

On December 10, 2009, the Court will hold a Final Pretrial Conference in chambers with

counsel beginning at 10 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). On or before November 16, 2009, the parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order, which accompanies this Scheduling Order.

**16.   Motions *in Limine*.**

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single ten-page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

**17.   Trial.**

**(PLAINTIFFS' VERSION)**

This matter is scheduled for a 10 day bench trial beginning at 9:30 a.m. on February 15, 2010 with the subsequent trial days beginning at 9:00 a.m.[3]

**(DEFENDANTS' VERSION)**

This matter is scheduled for a <u>10-15</u> day bench trial beginning at 9:30 a.m. on February 15, 2010 with the subsequent trial days beginning at 9:00 a.m.[4]

_____          _____
DATE                                                             UNITED STATES MAGISTRATE JUDGE

---

[3]   The parties reserve until the final pre-trial conference any discussion of allocating hours for each side to present its case.

[4]   The parties reserve until the final pre-trial conference any discussion of allocating hours for each side to present its case.

## Attachment A

| CASE NAME | DISTRICT COURT | CASE NO. | JUDGE | FILING DATE |
|---|---|---|---|---|
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Mylan Pharmaceuticals Inc. | District of Delaware | 07-805 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Sun Pharmaceutical Industries Ltd. & Sun Pharmaceutical Industries Inc. | District of Delaware | 07-806 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Sandoz Inc. | District of Delaware | 07-807 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Par Pharmaceutical, Inc. | District of Delaware | 07-808 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Apotex Inc. & Apotex Corp. | District of Delaware | 07-809 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Aurobindo Pharma Limited & Aurobindo Pharma USA Inc. | District of Delaware | 07-810 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |
| Astrazeneca Pharmaceuticals LP & Astrazeneca UK Limited & IPR Pharmaceuticals, Inc. & Shionogi Seiyaku Kabushiki Kaisha v. Cobalt Pharmaceuticals Inc. & Cobalt Laboratories Inc. | District of Delaware | 07-811 | Hon. Joseph J. Farnan, Jr. | December 11, 2007 |