## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ASTRAZENECA PHARMACEUTICALS LP,
ASTRAZENECA UK LIMITED,
IPR PHARMACEUTICALS, INC., and
SHIONOGI SEIYAKU KABUSHIKI KAISHA,

      Plaintiffs,

      v.

AUROBINDO PHARMA LIMITED, and
AUROBINDO PHARMA USA INC.,

      Defendant.

Civil Action No.: 07-810-JJF-LPS

**REDACTED VERSION DI 39**

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION AND NONJOINDER

Ford F. Farabow
Charles E. Lipsey
York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Henry J. Renk
FITZPATRICK, CELLA, HARPER &
SCINTO
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

*Of Counsel for Plaintiffs,*
AstraZeneca Pharmaceuticals LP, AstraZeneca
UK Limited, IPR Pharmaceuticals, Inc., and
Shionogi Seiyaku Kabushiki Kaisha

Mary W. Bourke (#2356)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
mbourke@cblh.com

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

I.      THE NATURE AND STAGE OF THE PROCEEDINGS...................................................1

II.     SUMMARY OF ARGUMENT ...................................................................................2

III.    STATEMENT OF FACTS ........................................................................................4

        A.    AstraZeneca Pharmaceuticals LP and Its Relation to Delaware.............................4

        B.    Aurobindo India Formed Aurobindo USA To Enter the U.S. Generic
              Market.................................................................................................................5

        C.    Aurobindo USA Distributes and Sells Aurobindo India's  Generic Drugs
              in the U.S., Including In Delaware .....................................................................6

        D.    Aurobindo India Effectively Controls Aurobindo USA's Business .......................8

        E.    Litigating ANDAs, Including in Delaware, Is Central to Aurobindo India's
              Business ..............................................................................................................11

IV.     ARGUMENT........................................................................................................13

        A.    The Law of Personal Jurisdiction .......................................................................13

        B.    Personal Jurisdiction Over Aurobindo India Is Proper ........................................14

              1.    Aurobindo India Transacts Business in Delaware In Person.....................14

                    a.    Aurobindo India Does Business in Delaware by Litigating
                          ANDAs .........................................................................................14

                    b.    Aurobindo India Does Business in Delaware by Engaging
                          in Corporate Transactions .............................................................15

              2.    Aurobindo India Transacts Business Through its Delaware Agent...........15

                    a.    Aurobindo USA is Aurobindo India's Agent .................................15

                    b.    Aurobindo India Transacts Business in Delaware Through
                          Its Agent By Selling Generic Drug Products .................................18

        C.    Aurobindo USA's Status as the Alter Ego of Aurobindo India Also
              Supports General Jurisdiction ............................................................................19

        D.    Due Process is Satisfied ....................................................................................21

E.     If Aurobindo India is Not Subject to Jurisdiction in Delaware's Courts of General Jurisdiction, Jurisdiction is Proper In Delaware Alternatively Pursuant to Rule 4(k) ............................................................................................23

F.     Aurobindo India is Not a Necessary or Indispensable Party ..................................25

V.     CONCLUSION....................................................................................................................26

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Altech Industries, Inc. v. Al Tech Specialty Steel Corp.,*
   542 F. Supp. 53 (D. Del. 1982) ................................................................................. 15

*Amgen, Inc. v. Ariad Pharms., Inc.,*
   513 F. Supp. 2d 34 (D. Del. 2007) ........................................................................... 26

*Applied Biosystems, Inc. v. Cruachem, Ltd.,* 772 F. Supp. 1458 (D. Del. 1991) .................... 20, 21

*Beverly Hills Fan Co. v. Royal Sovereign Corp.,*
   21 F.3d 1558 (Fed. Cir. 1994) ........................................................................... 21, 22

*Boone v. Oy Partek Ab,*
   724 A.2d 1150 (Del. Super. Ct. 1997) ................................................................ 13, 19

*C.R. Bard Inc., v. Guidant Corp.,*
   997 F. Supp. 556 (D. Del. 1998) .............................................................................. 17

*Commissariat à L'Energie Atomique v. Chi Mei Optoelectronics Corp.,*
   293 F. Supp. 2d 423 (D. Del. 2003) ........................................................................ 23

*E.I. Dupont De Nemours and Co. v. Rhodia Fiber and Resin Intermediates, S.A.S.,*
   197 F.R.D. 112 (D. Del. 2000) ........................................................................... 25, 26

*Foster Wheeler Energy Corp. v. Metallgesellschaft AG,* 1993 WL 669447, (D. Del. Jan. 4, 1993) ........................................................................... 22

*Genetic Implant Systems, Inc. v. Luker,* 123 F.3d 1455 (Fed. Cir. 1997) ...................................... 13

*Helicopteros Nacionales de Columbia v. Hall,*
   466 U.S. 408 (1984) .......................................................................................... 14, 21

*Int'l Shoe Co. v. Washington,*
   326 U.S. 310 (1945) ................................................................................................ 21

*LaNuova D&B S.p.A. v. Bowe Co., Inc.* 513 A.2d 764 (Del. 1986) ...................................... 18, 21

*Merck & Co., Inc. v. Barr Labs., Inc.,*
   179 F. Supp. 2d 368 (D. Del. 2002) .................................................................... 21, 22

*Mobil Oil Corp. v. Linear Films, Inc.,*
   718 F. Supp. 260 (D. Del. 1989) ............................................................................. 19

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,*
     148 F.3d 1355 (Fed. Cir. 1998) ................................................................................ 13

*Sanofi-Aventis v. Actavis South Atlantic LLC,*
     Case No. 07-572 GMS (D. Del.) ............................................................. 13, 24, 25

*Schulman v. J.P. Morgan Investment Mgmt., Inc.,*
     35 F.3d 799 (3d Cir. 1994) ................................................................................... 25

*Waters v. Deutz Corp.,*
     460 A.2d 1332 (Del. Super. 1983) ........................................................................ 17

*Wesley-Jessen Corp. v. Pilkington Visionare, Inc.,*
     863 F. Supp. 186 (D. Del. 1993) ............................................................... 17, 21, 22

*Wright v. American Home Prods. Corp.,*
     768 A.2d 518 (Del. Super. 2000) .................................................................... 18, 19


**Other Authorities**

10 Del. C. § 3104(c)(4) ................................................................................................ 14

21 U.S.C. § 355(j) .......................................................................................................... 1

35 U.S.C. § 271(e)(2)(A) ............................................................................................. 23

Federal Rule of Civil Procedure 19(a) ....................................................................... 26

Federal Rule of Civil Procedure Rule 19(b) .............................................................. 26

Federal Rule of Civil Procedure Rule 4(k)(2) ...................................................... 23, 24

Plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited, IPR

Pharmaceuticals, Inc., and Shionogi Seiyaku Kabushiki Kaisha (collectively, "Plaintiffs") oppose

the motion of Defendants Aurobindo Pharma Limited ("Aurobindo India") and Aurobindo

Pharma USA Inc. ("Aurobindo USA") (collectively, "Defendants" or "Aurobindo") to dismiss

Aurobindo India for alleged lack of personal jurisdiction and Aurobindo USA for failure to join a

necessary and indispensable party.[1]

## I.    THE NATURE AND STAGE OF THE PROCEEDINGS

This is an action for infringement of U.S. Reissue Patent RE37,314 ("the '314 patent")

covering the active ingredient (rosuvastatin calcium) in Plaintiffs' blockbuster cholesterol-

lowering pharmaceutical Crestor®. The action results from the filing by Aurobindo India

through its agent and wholly-owned subsidiary, Aurobindo USA, of an Abbreviated New Drug

Application ("ANDA") seeking approval to market a generic version of Crestor® tablets. (D.I. 1

at ¶¶ 11-14, 20-25). Aurobindo India notified Plaintiffs that it had filed an ANDA with the U.S.

Food and Drug Administration ("FDA") pursuant to 21 U.S.C. § 355(j) with a "Paragraph IV"

certification and that it intended to market its generic drug in the United States prior to the

expiration of the '314 patent. (Hammond Dec.[2] Ex. 1.)

That was one of nine Paragraph IV notifications received by Plaintiffs between October

and December 2007 relating to proposed generic versions of Crestor® tablets. To seek resolution

of the multiple challenges to its patent rights, Plaintiffs filed seven related patent infringement

---

[1] Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Nonjoinder ("Defendants' Motion"), filed January 31, 2008. (D.I. 17.)

[2] The "Hammond Dec." is the Declaration of Dana K. Hammond in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss for lack of Personal Jurisdiction and Nonjoiner, filed concurrently herewith.

actions in this District on December 11, 2007 against seven sets of defendants. (C.A. Nos. 07-805, 07-806, 07-807, 07-808, 07-809, 07-810, and 07-811.)[3]

Five sets of the defendants answered the Complaints, while Aurobindo India and Aurobindo USA, and Defendants Apotex Inc. and its sister company, Apotex Corp., did not. Aurobindo India and Apotex Inc. challenge personal jurisdiction in Delaware. Aurobindo USA and Apotex Corp., however, do not challenge personal jurisdiction, apparently since each is a Delaware corporation. Aurobindo USA and Apotex Corp., however, challenge subject matter jurisdiction. The parties agreed to limited jurisdictional discovery to develop the factual record.

This brief opposes Defendants' motion to dismiss for alleged lack of personal jurisdiction and nonjoinder. In its separate brief, Plaintiffs oppose Apotex Inc.'s motion to dismiss for alleged lack of personal jurisdiction. The defendants' motions to dismiss for alleged lack of subject matter jurisdiction already have been fully briefed.

## II.    SUMMARY OF ARGUMENT

1.    Personal jurisdiction over Aurobindo India is proper in Delaware because Aurobindo India regularly does business in the United States and Delaware directly. The crux of Aurobindo's strategic business plan is its ANDA filings and the resultant inevitable patent litigation. Aurobindo's ANDA filings have resulted in four litigations, two of which were filed in this District. In addition to ANDA filings and the resultant litigations in Delaware, Aurobindo India's persistent activity in Delaware further includes forming Aurobindo USA and engaging in a series of corporate transactions to strengthen Aurobindo India's United States business network.

---

[3] Plaintiffs sued seven of the nine sets of defendants for infringement of the patent covering the active ingredient in Crestor® tablets—the '314 patent. Two of the Paragraph IV certifiers did not challenge the '314 patent with Paragraph IV certifications, and thus were not sued.

2.    Personal jurisdiction over Aurobindo India is also proper in Delaware because Aurobindo India regularly does business in the United States through Aurobindo USA, its wholly owned subsidiary. Aurobindo USA was formed by Aurobindo India to create a nationwide marketing, distribution, and sales network for Aurobindo India's products. This network of national retailers, wholesalers, mail order companies, group purchasing organizations, and distributors markets, distributes, and sells Aurobindo India's products throughout the United States, including Delaware. Aurobindo USA is plainly an "arm" of Aurobindo India, created to effectuate and facilitate the common goal of marketing and selling Aurobindo India's generic products in the United States, including Delaware. Those efforts are made possible by the filing of ANDAs and ultimate FDA approval to market and sell generic drugs.

3.    Personal jurisdiction is also proper because Aurobindo India is the alter ego of Aurobindo USA. Aurobindo India's directors and officers serve as directors of Aurobindo USA. Aurobindo India finances Aurobindo USA's United States activities. Aurobindo USA has essentially no business except with Aurobindo India, and their business transactions are not arms-length. Aurobindo India often sells its products at no cost to Aurobindo USA, so that Defendants can set the purchase price *ex post facto* based on the sales price that Aurobindo USA obtains for those products. These activities demonstrate complete disregard of corporate identities and corporate separateness. As the alter ego of Aurobindo USA, personal jurisdiction is proper because Aurobindo USA is a Delaware corporation, registered and licensed to do business in Delaware.

4.    Under all of the circumstances, the exercise of personal jurisdiction over Aurobindo India fully comports with the requirements of due process, and it does not offend traditional notions of fair play and substantial justice. This is particularly true since Aurobindo

India did not contest jurisdiction in Delaware in another multi-defendant ANDA case for the stated reasons of promoting judicial efficiency and conserving resources—reasons equally applicable here. Further, it purposefully availed itself of the Delaware courts when it counterclaimed in that action.

5.   If Aurobindo India's general contacts with the United States and Delaware do not support jurisdiction in Delaware, those contacts would not support jurisdiction in any other state. In its motion, Aurobindo India represents that it has no other contacts with the United States, directly or through Aurobindo USA. If true, these representations suggest that Aurobindo India is not subject to the jurisdiction of any other State. Therefore, jurisdiction would necessarily be appropriate under Rule 4(k) of the Federal Rules of Civil Procedure.

6.   If the Court does not find Aurobindo India is subject to personal jurisdiction, this case should still not be dismissed because Aurobindo India is not an indispensable party. Aurobindo India entrusts all of its other business affairs in the United States to Aurobindo USA. Defendants are trying to use Rule 19 to transfer this case to a forum that they happen to find more convenient for this case.

## III.   STATEMENT OF FACTS

### A.   AstraZeneca Pharmaceuticals LP and Its Relation to Delaware

Plaintiff AstraZeneca Pharmaceuticals LP has its headquarters in Wilmington, Delaware, and employs thousands of people in Delaware. (Hammond Dec. Ex. 2 at 2.) Along with its related companies, AstraZeneca Pharmaceuticals LP manufactures, markets, and conducts research and development on, *inter alia*, its Crestor® pharmaceuticals. (D.I. 1 at ¶ 10). Crestor® is a prescription drug that is used to treat high cholesterol and is one of the most effective lipid-lowering statins available. Over 11 million patients have been prescribed Crestor® pharmaceuticals, and over 110 million prescriptions have been written worldwide for those

pharmaceuticals. (*Id.* at ¶ 9.) AstraZeneca Pharmaceuticals LP and its related companies financially benefit from sales of Crestor® tablets in the United States, including Delaware. (*Id.* at ¶ 10.)

       **B.    Aurobindo India Formed Aurobindo USA To Enter the U.S. Generic Market**

       Aurobindo India is not (and never has been) registered or licensed to do business in any state, including Delaware. (Hammond Dec. Ex. 3 at 64:6-14.) Prior to the formation of Aurobindo USA, Aurobindo India did not sell any products in the United States. (*Id.* at 51:7-10.) Aurobindo India created Aurobindo USA to enter the United States market and provide a marketing, sales, distribution, finance, and administrative network for Aurobindo India to sell its products in the United States. (*Id.* at 50:11-51:6, 64:15-23, 104:11-105:13; Ex. 4.)

       Aurobindo India engaged in a series of transactions in Delaware to establish its United States business network.

**REDACTED**

       Shortly thereafter, NovaGen was renamed "Aurobindo Pharma U.S.A. Inc." and its corporate charter was changed to authorize pharmaceutical sales. (Hammond Dec. Ex. 5 at 41:14-16; 38:25-39:6; Ex. 8; Ex. 9.)[4]       **REDACTED**

---

[4]    NovaGen did not sell any products in the U.S. before it was renamed. (Hammond Dec. Ex. 5 at 37:7-8.)

**REDACTED**

These transactions generated numerous filings with the Delaware Secretary of State.[6]

      **C.**    **Aurobindo USA Distributes and Sells Aurobindo India's
Generic Drugs in the U.S., Including In Delaware**

**REDACTED**

                                               Aurobindo USA is
registered and licensed to do business—sell wholesale pharmaceuticals—in Delaware.
(Hammond Dec. Ex. 3 at 63:20-25; Ex. 12 at APU000089.)  Aurobindo USA distributes and
sells Aurobindo India's products in the U.S. and Delaware

**REDACTED**

---

[5]     Aurobindo India's chairman, P.V. Ramaprasad Reddy, and its managing director,
Nityananda Reddy, were directors of APL Holdings.  (Hammond Dec. Ex. 10 at APL000501.)

[6]     In 2005, Aurobindo India incorporated Aurobindo Acquisition Co., a Delaware
corporation.  (Hammond Dec. Ex. 11.)  Aurobindo Acquisition Co. has now been dissolved.  *Id.*

**REDACTED**

_____

**REDACTED**

**D.    Aurobindo India Effectively Controls Aurobindo USA's Business**

Given their close relationship, it is not surprising that Aurobindo India and Aurobindo USA present themselves to the public as a single entity without regard to their parent-subsidiary relationship.                                **REDACTED**

Aurobindo USA's press releases do not distinguish between the two companies.  (*Id.* at 57:19-22; Ex. 15.)  In one such press release, Aurobindo USA's Vice President of Sales and Marketing, calls Aurobindo USA "[t]he U.S. arm of Aurobindo."  (Hammond Dec. **REDACTED**     ; Ex. 15.)  In another publicly available document, Mr. Kambham, who was a vice president of Aurobindo USA, was listed as vice president of Aurobindo India.  (Hammond Dec. **REDACTED**  Ex. 16.)  In yet other documents, he is represented as part of Aurobindo India's regulatory department.  (Hammond Dec. **REDACTED**; Ex. 17 at iv.)

This lack of corporate formality and complete fusion of corporate identity is further evidenced by the overlap of the officers and directors of the two companies.  The historic overlap of Aurobindo India's directors and officers with Aurobindo USA's directors and officers is shown in the following table:

| Year | NovaGen/Aurobindo USA Directors & Officers | Aurobindo India Directors & Officers |
|---|---|---|
| | **Overlapping Officers and Directors** | |
| 2004-2005 (NovaGen) | **REDACTED** | **P. V. Ramaprasad Reddy**<br>• Chairman, Director<br>(Hammond Dec. Ex. 18 at APL000586.) |
| 2004-2005 | **P. V. Ramaprasad Reddy**<br>• Director<br>**Lanka Srinivas**<br>• Director<br>**Prasada Kambham Reddy**<br>• Director, VP<br>Naranda Borkar<br>(Hammond Dec. Ex. 10 at APL000554.) | **P. V. Ramaprasad Reddy**<br>• Director<br>**Lanka Srinivas**<br>• Director<br>Nityananda Reddy<br>• Director (brother of **Prasada Kambham Reddy**)<br>(Hammond Dec. Ex. 18 at APL000586.) |
| 2005-2006 | **P. V. Ramaprasad Reddy**<br>• Director<br>**Lanka Srinivas**<br>• Director<br>Prasada Kambham Reddy<br>• Director, VP<br>Naranda Borkar<br>(Hammond Dec. Ex. 19.) | **P. V. Ramaprasad Reddy**<br>• Director<br>**Lanka Srinivas**<br>• Director<br>Nityananda Reddy<br>• Director (brother of **Prasada Kambham Reddy**)<br>(Hammond Dec. Ex 20 at APL000710.) |
| 2006-2007 | Scott White<br>• Director<br>**G. P. Prasad**<br>• Director<br>**Attur Sreesha**<br>• Director<br>**Prasada Kambham Reddy**<br>• Director, VP<br>(Hammond Dec. Ex. 21 at APL000837; Ex. 19.) | **G. P. Prasad**<br>• Head of global finance<br>**Attur Sreesha**<br>• chief financial officer<br>Nityananda Reddy<br>• Director (brother of **Prasada Kambham Reddy**)<br>(Hammond Dec. Ex. 22 at APL000972) |
| 2007-2008 | Scott White<br>• Director<br>**Sudhir Singhi**<br>• Director<br>**Phaneendra Prasad Gorla (G.P. Prasad)**<br>• Director<br>(Hammond Dec. Ex. 19; Ex. 27.) | **Sudhir Singhi**<br>• Chief financial officer<br>**Phaneendra Prasad Gorla (G.P. Prasad)**<br>• Head of global finance<br>(Hammond Dec. Ex. 22 at APL000972; Ex. 19.) |

**REDACTED**

P. V. Ramaprasad Reddy was and is the

chairman and largest shareholder of Aurobindo India. (Hammond Dec. Ex. 3 at 62:4-12; Ex. 5 at

42:23-25.) Lanka Srinivas was the chief financial officer of Aurobindo India at that time.

(Hammond Dec. Ex. 5 at 42:23-43:14.)

This overlap of officers and directors between the companies existed when Aurobindo

filed the ANDA at the heart of this lawsuit, and overlapping leadership continues to exist today.

Aurobindo India's Directors' Report for 2006-2007 lists Scott White, G. P. Prasad, Attur

Sreesha, and Kambham Prasada Reddy as directors of Aurobindo USA. Mr. Prasad is the head

of global finance operations for Aurobindo India, Mr. Sreesha is the chief financial officer of

Aurobindo India, and      **REDACTED**

While Aurobindo has recently made cosmetic changes to

remove overlap between the directors of Aurobindo USA and Aurobindo India, (see Table

above), there is no indication that the companies are now organized or run with any more

autonomy than before. Moreover, these changes to Aurobindo USA's board were made after

Aurobindo filed its rosuvastatin calcium ANDA, and in anticipation of this litigation.

(Hammond Ex. 21 at APL000837.)

**REDACTED**

**REDACTED**

E.    **Litigating ANDAs, Including in Delaware, Is Central to Aurobindo India's Business**

ANDA filings and the inevitable United States ANDA litigations which result are at the core of Aurobindo India's strategic business plans. (Hammond Dec. **REDACTED** ; Ex. 22 at APL000961.) "Filing ANDAs promotes profitability with growth". **REDACTED**

Aurobindo India has filed more than 100 ANDA applications (and 114 DMFs) in the United States and received 50 ANDA approvals. **REDACTED** Ex. 22 at APL000958.)

Because Aurobindo India has no office in the United States, it requires a United States agent to sign and file its ANDAs with the FDA. (D.I. 18 at 3.)

**REDACTED**

————————————

**REDACTED**

**REDACTED**

As set forth in Section IV.B.1. of Plaintiffs' Opposition to the motion of Defendant

Apotex Inc. to dismiss for alleged lack of personal jurisdiction, filed concurrently with this

opposition to the Aurobindo defendants' similar motion, the litigation of patent disputes

provoked by ANDA filings is a regular and intended aspect of the business activities of generic

drug manufacturers. As also established in that Opposition, there is a practice among generic

drug manufacturers like Apotex, Inc. of voluntarily availing themselves of the patent expertise

and relatively prompt trials found in this district to advance their business interests.

While Aurobindo India and Aurobindo USA are much more recent entrants into this

marketplace than Apotex Inc., they have engaged in this same business activity in Delaware.

They have been jointly sued four other times for filing ANDAs.     **REDACTED**

Half of those lawsuits are in Delaware.


**REDACTED**


Significantly, a month before the Complaint in this case was filed, Aurobindo India, in

another multi-defendant ANDA litigation, did not contest personal jurisdiction in this District "to

---

[12] ANDA 79-170, which is the basis for this lawsuit, was submitted to the FDA on August 17, 2007, using Aurobindo India stationary. (Hammond Dec. Ex. 24 at APL000025-27.) The submission was signed by Aurobindo USA's director Prasada Kambham as Aurobindo India's authorized agent. This stationary identifies Aurobindo USA's office at 2400 Route 130 North, Dayton, New Jersey, as the United States office of Aurobindo India. (*Id.*)

conserve the resources of the parties and to promote judicial efficiency". (Hammond Dec. Ex. 3 at 121:13-122:3; Ex. 26 ¶¶ 17, 20, 30.)[13] It also filed counterclaims against the plaintiffs in that action seeking declarations of non-infringement and invalidity. (*Id.* at 36-41.)

## IV.     ARGUMENT

### A.     The Law of Personal Jurisdiction

When examining personal jurisdiction in the context of patent litigation, the law of the Federal Circuit applies. *See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1358 (Fed. Cir. 1998). To decide whether personal jurisdiction exists over an out-of-state defendant, the Court must determine: (1) whether the forum state's long-arm statute permits service of process; and (2) whether the exercise of jurisdiction comports with due process. *See Genetic Implant Systems, Inc. v. Luker*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). Both of these requirements are satisfied in this case.

The Delaware long-arm statute has been construed "liberally so as to provide jurisdiction to the maximum extent possible" in order "to provide residents a means of redress against those not subject to personal service within the State." *Boone v. Oy Partek Ab,* 724 A.2d 1150, 1156-57 (Del. Super. Ct. 1997). It states, in relevant part:

> (c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, *who in person or through an agent*: . . .

> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State . . . .

---

[13] Aurobindo India did not contest jurisdiction in *Sanofi-Aventis v. Actavis South Atlantic LLC,* Case No. 07-572 GMS (D. Del.). (Hammond Dec. Ex. 26 ¶¶ 17, 20, 30.)

10 Del. C. § 3104(c)(4) (emphasis added). This Court has general jurisdiction over Aurobindo

India, *inter alia,* based on its continuous and systematic general business contacts with Delaware.

*See Helicopteros Nacionales de Columbia v. Hall,* 466 U.S. 408, 414-16 (1984).

> **B.** **Personal Jurisdiction Over Aurobindo India Is Proper**

Personal jurisdiction exists over Aurobindo India here because the Delaware long-arm

statute permits the service of process, and the exercise of jurisdiction comports with due process

requirements. Aurobindo India well satisfies the requirement of Delaware's long-arm statute,

because it "in person *or through an agent*" not only "does . . . business," but also "engages in [a]

persistent course of conduct in the State" and "derives substantial revenue from services, or

things used or consumed in the State." 10 Del. C. § 3104(c)(4) (emphasis added).

> **1.** **Aurobindo India Transacts Business in Delaware In Person**

> > **a.** **Aurobindo India Does Business in Delaware by Litigating ANDAs**

The crux of Aurobindo India's strategic business plan is its ANDA filings and the

resultant inevitable ANDA patent litigation. Unlike other businesses where litigation is an

occasional, unintended, and undesirable consequence of business activities, patent litigation is a

regular and expected component of the ordinary business activities of companies seeking to sell

their generic drug products in the United States.[14] Aurobindo India's business activity, in this

instance its ANDA filings, have resulted in four litigations and two of those lawsuits, including

the instant litigation, were filed in this District last year. In each such litigation, Aurobindo India

and Aurobindo USA were jointly sued and engaged Delaware counsel to represent them jointly.

---

[14] For a detailed discussion how ANDA litigation is a regular business activity of generic drug
manufacturers like Aurobindo India, see pp.9-15 of Plaintiffs' Opposition to Defendant Apotex
Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative to Transfer to
the Middle District of Florida, which is incorporated herein by reference.

**REDACTED**

Like Apotex, Inc., Aurobindo India voluntarily appeared and was actively defending such a suit in Delaware at the time this action was filed.  Like Apotex Inc., Aurobindo India is therefore conducting the ANDA litigation portion of its business here in Delaware and should, therefore, be viewed as being generally present in Delaware.

        **b.**      **Aurobindo India Does Business in Delaware by Engaging in Corporate Transactions**

In the few years that it has been doing business in the United States, Aurobindo India has engaged in a series of corporate transactions in Delaware, thereby creating numerous contacts with the State.  Between forming Delaware corporations (*e.g.,* NovaGen Pharmaceuticals, Aurobindo Acquisition Co., etc.),  **REDACTED**

and merging Delaware subsidiaries (*e.g.*, APL Holdings was merged into Aurobindo USA) (*see* pp.7-8 *supra*), Aurobindo India has availed itself of the privilege of doing business in Delaware. Personal jurisdiction over Aurobindo India is thus proper.  *See, e.g., Altech Industries, Inc. v. Al Tech Specialty Steel Corp.*, 542 F. Supp. 53, 55-56 (D. Del. 1982) (holding foreign corporation was subject to general jurisdiction in Delaware because it regularly formed, merged, and acquired Delaware corporations under Delaware law).

        **2.**      **Aurobindo India Transacts Business Through its Delaware Agent**

        **a.**      **Aurobindo USA is Aurobindo India's Agent**

Aurobindo India has furthered availed itself of the privilege of doing business in Delaware through its wholly-owned subsidiary, Aurobindo USA.  In prior proceeding, Aurobindo India had admitted without qualification that Aurobindo USA is its agent.

(Hammond Dec. Ex. 26 at ¶4 ("Upon information and belief, Defendant Aurobindo [Pharma] Ltd. manufactures numerous generic drugs for sale and use throughout the United States, including in this judicial district, through its wholly owned subsidiary and agent Aurobindo [USA] Inc.").)    **REDACTED**

Aurobindo USA markets, distributes, and sells Aurobindo India's generic products in the United States.

**REDACTED**

The close relationship that exists between the companies is further demonstrated by their overlap in officers and directors. As seen in the chart above (*see* p.9 *supra*), the overlap in officers and directors is persistent and substantial, despite Aurobindo India's blatantly false assertions otherwise.[15]

**REDACTED**

_____

**REDACTED**

**REDACTED**              [16] Moreover, Aurobindo India and Aurobindo USA

present themselves to the public as a single entity without regard to their parent-subsidiary

relationship.              **REDACTED**

USA's press releases do not distinguish between the two companies.  (*See* p.8 *supra*.)

Under such circumstances, courts in this district and state have attributed the actions of

a party's agent in Delaware to its affiliated company.  *See, e.g., Wesley-Jessen Corp. v.

Pilkington Visionare, Inc.,* 863 F. Supp. 186, 188 (D. Del. 1993) (agency found where business

strategies and financial statements of foreign and domestic companies were analyzed as a unit

and the companies held themselves out to employees and the marketplace as a unified entity);

*Waters v. Deutz Corp.,* 460 A.2d 1332, 1337-38 (Del. Super. 1983) (finding agency for foreign

corporation that chose to market its products through a wholly-owned American subsidiary and a

network of independently-owned distributorships and dealerships because the jurisdictional

"contacts" exist one way or the other and for precisely the same purpose – the differences are

differences of form and description); *C.R. Bard Inc., v. Guidant Corp.,* 997 F. Supp. 556, 560 (D.

Del. 1998) ("A company that sets up an agent to sell its products, or who creates a network of

independently-owned distributorships is 'undoubtedly amendable to suit' in Delaware.").  Thus,

as Aurobindo India's agent, Aurobindo USA's contacts with Delaware must be attributed to

Aurobindo India for purposes of establishing personal jurisdiction.

---

[16] Defendants failed to produce any communications between the companies, formal or informal.

   b.   **Aurobindo India Transacts Business in Delaware Through Its
        Agent By Selling Generic Drug Products**

As stated, Aurobindo USA maintains numerous contacts with Delaware by distributing

and selling Aurobindo India's products in Delaware.

**REDACTED**

In cases similar to the facts present here, Delaware courts have held personal

jurisdiction exists over non-resident defendants through acts of the defendant's subsidiary.  For

instance, in *LaNuova D&B S.p.A. v. Bowe Co., Inc.* 513 A.2d 764, 769 (Del. 1986), the Supreme

Court of Delaware upheld general jurisdiction over a foreign corporation based on the delivery of

two warranties to two Delaware purchasers of its roofing products.  The foreign corporation

distributed its products and warranties through a non-exclusive United States distributor, which,

in turn, relied upon a national wholesaler to sell those products to Delaware purchasers.  *Id.* at

767; *see also Wright v. American Home Prods. Corp.,* 768 A.2d 518, 530 (Del. Super. 2000)

_____

**REDACTED**

(finding personal jurisdiction existed where United States companies acted as agents of French

corporation to sell its pharmaceutical products in Delaware).

The fact that Aurobindo USA sells its products in Delaware through distributors rather

than directly to pharmacies in Delaware is not material.[18] In *Eli Lilly and Company v. Sicor*

*Pharmaceuticals, Inc.*, the court held that presence of a middleman did not alter the defendant's

systematic contacts with the forum state:

> The fact that Sicor Pharma sells products in Indiana through out-of-state,
> independent wholesalers, rather than through "direct" sales to Indiana
> customers, does not change our conclusion.   The presence of a GPO
> "middleman" does not insulate Sicor Pharma from its having purposefully
> availed itself of the forum state by generating worth of commercial activity in
> Indiana through its sales efforts.  Sicor Pharma clearly intended such effects
> by actively encouraging them through targeted marketing efforts within
> Indiana.   "[W]e must focus upon the *economic reality* of the defendants'
> activities rather than a mechanical checklist.'"

No. 1:06-CV-238-SEB-JMS, 2007 U.S. Dist. LEXIS 31657, at *20 (S.D. Ind. Apr. 27, 2007)

(citation omitted).  The record confirms that Aurobindo India has systematic and continuous

contacts in Delaware both through its own actions and that of its agent, Aurobindo USA., a

Delaware corporation, justifying a finding of general jurisdiction.

### C.    Aurobindo USA's Status as the Alter Ego of Aurobindo India Also Supports General Jurisdiction

Under alter ego theory, a court may attribute the actions of a subsidiary to its parent and

ignore corporate boundaries if the subsidiary is a mere "alter ego" of the parent. *Mobil Oil Corp.*

*v. Linear Films, Inc.*, 718 F. Supp. 260, 266 (D. Del. 1989).  To reach a parent corporation under

---

[18] Aurobindo India argues that Aurobindo USA's activities somehow are part of a stream of commerce that cannot give rise to general jurisdiction. (D.I. 18 at 16-17.) This argument is wrong.  Aurobindo USA sells Aurobindo India products through national chains that direct those products to Delaware.  By using these chains, Aurobindo USA shows its intent to sell Aurobindo India products in Delaware, and this factor supports general jurisdiction. *See, e.g., Boone*, 724 A.2d at 1158; *Wright v. American Home Prods. Corp.*, 768 A.2d 518, 529 (Del. Super. 2000).

the alter ego theory, the party asserting jurisdiction must establish some fraud, injustice, or inequity in the use of the corporate form. *See Mobil Oil Corp.,* 718 F. Supp. at 266 (alter ego theory may apply where "there is a lack of attention to corporate formalities"); *Applied Biosystems, Inc. v. Cruachem, Ltd.,* 772 F. Supp. 1458, 1463 (D. Del. 1991) (courts will ignore corporate boundaries under the alter ego theory where "fraud or inequity is shown").

**REDACTED**

Aurobindo USA is the alter ego of Aurobindo India, and Aurobindo USA's status as a Delaware corporation is attributable to Aurobindo India for jurisdictional purposes. When corporate boundaries are not maintained (as in our case) then a subsidiary's status as a Delaware corporation may be imputed to the parent. *Cf. Applied Biosystems,* 772 F. Supp. at 1464

("[S]ince in the present case corporate boundaries have been maintained and there is no evidence to support piercing the corporate veil, Inc.'s status as a Delaware corporation may not be imputed to Limited and Holdings.")  Jurisdiction in Delaware is present on these grounds alone.

### D.     Due Process is Satisfied

As this Court has recognized, "[d]ue process requires that a defendant have certain minimum contacts with the forum state in order to ensure that the maintenance of the lawsuit does not offend 'traditional notions of fair play and substantial justice.'" *Merck & Co., Inc. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 375 (D. Del. 2002) (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[T]o maintain general jurisdiction over a foreign defendant, the facts must establish 'continuous and systematic general business contacts' with the forum state." *Merck*, 179 F. Supp. 2d at 375 (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Where minimum contacts are found, the Court must consider whether "it would be unreasonable for the forum to assert jurisdiction under all the facts and circumstances . . . ." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994). However, "[i]n general, these cases are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Id.*

The foregoing facts demonstrate that Aurobindo India has continuous and systematic business contacts in Delaware, that it purposefully avails itself of the privileges of doing business in Delaware through its corporate transactions, and that it sells generic drugs in Delaware through its Delaware corporate agent, Aurobindo India. *See Wesley-Jessen*, 863 F. Supp. at 190 (finding due process satisfied where foreign defendant made sales of products outside Delaware knowing that they would be sold by its related company "in other states across the nation,

including Delaware"); *LaNuova,* 513 A.2d at 769-70 (due process met where foreign corporation set out to establish a broad American market for its product, sold goods in Delaware, and delivered warranties to Delaware to support those sales); *Foster Wheeler Energy Corp. v. Metallgesellschaft AG,* No. Civ. A. No. 91-214-SLR, 1993 WL 669447, at *7 (D. Del. Jan. 4, 1993) (foreign corporation's continuous and systematic contacts with Delaware corporations and orders placed in Delaware supported general jurisdiction and due process).

Moreover, given Aurobindo India's prior ANDA litigation in Delaware in which it had not contested jurisdiction, asserted counterclaims, and admitted that Aurobindo USA is its agent, Aurobindo India could "well expect to be haled into court in Delaware." *See Wesley-Jessen,* 863 F. Supp. at 190. These significant forum-related activities flatly contradicted Aurobindo India's new claim that personal jurisdiction would violate due process.

This is far from those rare situations where Plaintiffs' and the state's interest are clearly outweighed by the burden of subjecting Aurobindo India to litigation in this district. *See Beverly Hills Fan,* 21 F.3d at 1568. AstraZeneca's and Delaware's interests in adjudicating this dispute are aligned. "Delaware has an interest in discouraging injuries that occur within the state, which extends to patent infringement actions such as the one here." *Energy Transp. Group, Inc.,* 2008 WL 78748, at *5; *cf. Merck,* 179 F. Supp. 2d at 375 ("This case does not involve Delaware related claims or Delaware plaintiffs."). AstraZeneca Pharmaceuticals LP is a Delaware citizen, and harm resulting from the promotion and sale of a generic version of Crestor® will be felt in Delaware by AstraZeneca Pharmaceuticals LP.

Moreover, given that Aurobindo India did not contest personal jurisdiction in this District in a multi-defendant ANDA litigation only a month before the complaint in the instant

case was filed, it can hardly allege a significant burden in litigating here.[19]  The reasons provided

in that litigation, "to conserve the resources of the parties and to promote judicial efficiency", are

equally applicable here.

> **E.      If Aurobindo India is Not Subject to Jurisdiction in
> Delaware's Courts of General Jurisdiction, Jurisdiction is Proper In
> Delaware Alternatively Pursuant to Rule 4(k)**

If this Court finds that Aurobindo India is not subject to jurisdiction in Delaware,

jurisdiction would still be proper in Delaware pursuant to Rule 4(k)(2) of the Federal Rules of

Civil Procedure.  Rule 4(k)(2) provides a basis for jurisdiction where:  (1) the case arises under

federal law; (2) the foreign defendant lacks sufficient contacts with any single state to subject it

to jurisdiction there; (3) the foreign defendant must have sufficient contacts with the United

States as a whole to satisfy due process; and (4) it is shown that the defendant is not subject to

the jurisdiction of *any* state.  *Commissariat à L'Energie Atomique v. Chi Mei Optoelectronics

Corp.,* 293 F. Supp. 2d 423, 430 (D. Del. 2003).

The filing of an ANDA with a paragraph IV certification constitutes patent infringement

under 35 U.S.C. § 271(e)(2)(A).  Patent infringement establishes a claim under federal law.

Aurobindo India asserts that it has no contacts with the United States, directly or through

Aurobindo USA acting as its agent.  (D.I. 18 at 5-6, 11-12.)  If Aurobindo India's assertions are

true (which Plaintiffs dispute) then Aurobindo India lacks sufficient contacts with **any** single

state to subject it to jurisdiction in any particular state.

---

[19] The only apparent distinction between the Delaware case in which Aurobindo India did not
challenge jurisdiction and this case where it has challenged jurisdiction lies in the identity of the
judges to whom the cases were assigned.

As shown above, Aurobindo India has sufficient contacts with the United States as a whole through the marketing, distribution, and sales activities of Aurobindo USA, its ANDA filings, and its corporate transactions undertaken through Aurobindo USA to satisfy due process. (*See* pp.5-13 *supra*.)

Aurobindo India's asserted consent to jurisdiction in New Jersey cannot preclude the Court's use of Federal Rule of Civil Procedure 4(k)(2) to establish personal jurisdiction here. First, Aurobindo India's asserted contact with New Jersey is a mere mailbox drop.

## REDACTED

If Aurobindo India's contacts in Delaware as set forth above are insufficient to confer personal jurisdiction, then a mere mailbox drop in New Jersey would surely be insufficient to confer jurisdiction in New Jersey.

Second, if Aurobindo India's consent to jurisdiction in New Jersey establishes jurisdiction over Aurobindo India in New Jersey, then Aurobindo India's failure to contest jurisdiction in Delaware in the *Sanofi-Aventis v. Actavis South Atlantic* ANDA litigation (*see* pp. 14 *supra*) means that Aurobindo India is subject to jurisdiction in Delaware, as well.

For these reasons, jurisdiction would be proper in Delaware pursuant to Rule 4(k)(2) even if Delaware's long-arm statute does not provide jurisdiction over Aurobindo India (a position that Plaintiffs do not concede). In fact, these contacts indicate that Delaware is the most suitable jurisdiction for Plaintiffs' claims against Aurobindo India, whether jurisdiction is found pursuant to Delaware's long-arm statute, or pursuant to Rule 4(k)(2).

**F.    Aurobindo India is Not a Necessary or Indispensable Party**

Defendants argue that if jurisdiction is lacking over Aurobindo India, the case should be dismissed because Aurobindo India is a necessary and indispensable party. (D.I. 18 at 21.)  They argue that Aurobindo India is a necessary party because it would manufacture and distribute generic Crestor® (in direct contradiction to its arguments to avoid personal jurisdiction) and it may be subjected to multiple and inconsistent judgments with a parallel proceeding in district court in New Jersey.  (*Id.*)  Both assertions are wrong.

Because Aurobindo India is subject to the jurisdiction of this Court, its motion for dismissal under Rules 12(b)(7) and 19 should be dismissed on this basis.  Aurobindo India can protect its alleged interests by consenting to jurisdiction in Delaware, as it recently did in the *Sanofi-Aventis v. Actavis South Atlantic LLC,* No. 7-572-GMS (D. Del.) ANDA litigation to promote judicial efficiency and conserve the resources of the parties.  (Hammond Dec. Ex. 26 at ¶¶ 17, 20, 30.)

**REDACTED**

It is well-settled that Aurobindo India's concern over a risk of inconsistent judgments does not trigger Rule 19 or make it an indispensable party. *See, e.g., Schulman v. J.P. Morgan Investment Mgmt., Inc.,* 35 F.3d 799, 805 (3d Cir. 1994); *E.I. Dupont De Nemours and Co. v. Rhodia Fiber and Resin Intermediates, S.A.S.,* 197 F.R.D. 112, 124 (D. Del. 2000).

Aurobindo India will not be unfairly prejudiced if it is not a party to this case.  Aurobindo India and Aurobindo USA share identical economic interests in this case as the manufacturer and United States distribution and sales agent, respectively, of generic Crestor®.  They are jointly represented in this case by the same attorneys, who will develop their patent invalidity claims.

**REDACTED**                          Aurobindo

India can ensure that Aurobindo USA is adequately represented in this case to protect their mutual and identical interests.

Aurobindo India is not prevented from participating in this case. *See Amgen, Inc. v. Ariad Pharms., Inc.*, 513 F. Supp. 2d 34, 39 (D. Del. 2007) ("If a party is deemed necessary under Rule 19(a), but cannot be joined because it is not subject to process, then the court must consider, by application of Rule 19(b), whether the party is indispensable and dismissal is appropriate."). Rather, it is the architect of its perceived dilemma. It incorporated Aurobindo USA in Delaware, and it maintains Aurobindo USA's status as a Delaware corporation even as it dissolves and merges other corporations into Aurobindo USA. Aurobindo India apparently prefers and enjoys the privileges of doing business in Delaware.

Because Aurobindo India and Aurobindo USA jointly file ANDAs, they can expect to be sued for patent infringement. (Hammond Dec. Ex. 3 at 119:1-10.) When they are, Aurobindo USA is subject to jurisdiction in Delaware, where it is registered and licensed to do business. Defendants should not be able to defeat jurisdiction over Aurobindo USA by asserting that Aurobindo India is a necessary and indispensable party in ANDA litigations, and can only be sued where it chooses to consent to jurisdiction on any particular occasion. *See E.I. Dupont De Nemours,* 197 F.R.D. at 125 (plaintiff's choice of forum should rarely be disturbed, particularly when, as here, Plaintiff AstraZeneca Pharmaceuticals LP, has brought this suit in its home forum).

## V.    CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss the Complaint against Aurobindo India for lack of personal jurisdiction and against Aurobindo USA for failure to join a necessary and indispensable party.

607619                                         26

This 21st day of April 2008.                          Respectfully submitted,
Redacted Version Filed: April 28, 2008

                                                      ___/s/ Mary W. Bourke_____
                                                      Mary W. Bourke (#2356)
                                                      CONNOLLY BOVE LODGE & HUTZ LLP
                                                      1007 N. Orange Street
                                                      Wilmington, DE 19899
                                                      Telephone: (302) 658-9141
                                                      Facsimile: (302) 658-5614
                                                      mbourke@cblh.com

                                                      *Of Counsel:*

                                                      Ford F. Farabow
                                                      Charles E. Lipsey
                                                      York M. Faulkner
                                                      FINNEGAN, HENDERSON, FARABOW,
                                                      GARRETT & DUNNER, L.L.P.
                                                      901 New York Avenue, N.W.
                                                      Washington, D.C. 20001
                                                      Telephone: (202) 408-4000
                                                      Facsimile: (202) 408-4400

                                                      Henry J. Renk
                                                      FITZPATRICK, CELLA, HARPER & SCINTO
                                                      30 Rockefeller Plaza
                                                      New York, NY 10112
                                                      Telephone: (212) 218-2100
                                                      Facsimile: (212) 218-2200

                                                      *Attorneys for Plaintiffs,*
                                                      *AstraZeneca Pharmaceuticals LP, AstraZeneca UK*
                                                      *Limited, IPR Pharmaceuticals, Inc., and Shionogi*
                                                      *Seiyaku Kabushiki Kaisha*

607619                                    27

## CERTIFICATE OF SERVICE

I, hereby certify on this 28th day of April, 2008 I electronically filed the foregoing Redacted Version of PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND NONJOINDER with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record:

**Richard D. Kirk**
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130
Phone: 302-655-5000
Fax: 302-658-6395
rkirk@bayardfirm.com

The undersigned counsel further certifies that, on April 28, 2008, copies of the foregoing document were also served upon the following individuals in the manner indicated:

<table>
<tr><td>

**Via Email:**
**Richard D. Kirk**
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19899-5130
Phone: 302-655-5000
Fax: 302-658-6395
rkirk@bayardfirm.com

</td><td>

**Via Email:**
**Edward J. Pardon**
**Jeffrey S. Ward**
**Thomas P. Heneghan**
Michael Best & Friedrich LLP
One South Pinckney Street, Suite 700
Madison WI 53703
Phone: 608-257-3501
Fax: 608-283-2275
ejpardon@michaelbest.com
tpheneghan@michaelbest.com
jsward@michaelbest.com

</td></tr>
</table>

**CONNOLLY BOVE LODGE & HUTZ LLP**

By:  /s/ Dana K. Hammond
**Dana K. Hammond (#4869)**
1007 N. Orange Street
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
mbourke@cblh.com