**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Mary W. Bourke
Associate

TEL (302) 888-6305
FAX (302) 658-5614
EMAIL mbourke@cblh.com
REPLY TO Wilmington Office

WILMINGTON, DE
The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

May 2, 2008

**VIA ECF**
(with a courtesy copy by hand)

Hon. Leonard P. Stark
United States Magistrate Judge
J. Caleb Boggs Federal Building
844 N. King Street
Lockbox 26
Room 2325
Wilmington, DE  19801

>*AstraZeneca Pharmaceuticals LP et al. v. Mylan Pharmaceuticals Inc.*,
>   Case No. 07-805-JJF-LPS;
>*AstraZeneca Pharmaceuticals LP et al. v. Sun Pharmaceutical Industries Ltd*., Case
>   No. 07-806-JJF-LPS;
>*AstraZeneca Pharmaceuticals LP et al. v. Sandoz Inc*.,
>   Case No. 07-807-JJF-LPS;
>*AstraZeneca Pharmaceuticals LP et al. v. Par Pharmaceutical Inc*.,
>   Case No. 07-808-JJF-LPS;
>*AstraZeneca Pharmaceuticals LP et al v. Apotex Inc. et al.*,
>   Case No. 07-809-JJF-LPS;
>*AstraZeneca Pharmaceuticals LP et al. v. Aurobindo Pharma Ltd. et al.*,
>   Case No. 07-810-JJF-LPS; and
>*AstraZeneca Pharmaceuticals LP et al. v. Cobalt Pharmaceuticals Inc. et al.*,
>   Case No. 07-811-JJF-LPS

Dear Judge Stark:

We write jointly on behalf of all plaintiffs and defendants in the seven above-captioned actions (the "Actions").  Pursuant to the Scheduling Order entered by the Court on April 11, 2008, and the parties' Joint Request for an Extension (which was "so ordered" by the Court on April 29, 2008), the parties submit herewith their proposed Stipulated Protective Order (the "Protective Order") for all of the Actions.



Page 2

The parties have reached agreement on all but one issue in the Protective Order. The outstanding issue relates to whether plaintiff Shionogi Seiyaku Kabushiki Kaisha ("Shionogi") will have certain rights under the Protective Order separate from those of plaintiffs AstraZeneca Pharmaceuticals LP, AstraZeneca UK Limited and IPR Pharmaceuticals Inc. (collectively, the "AZ Plaintiffs").

The sections of the parties' proposed Protective Order relating to this issue are labeled "PLAINTIFFS' VERSION" and "DEFENDANTS' VERSION." The sections so labeled set forth the parties' competing proposed language. Full sections containing disputed language are italicized while the specific differences within those sections are underlined.

Plaintiffs wish Shionogi to be listed as a separate party in the disputed sections, while defendants propose that all of the plaintiffs be defined as "AZ" and be treated as one entity under the Protective Order.

Defendants further wish the Court to consider the following compromise measure, which is not set forth in the proposed Protective Order. Defendants will agree to plaintiffs version of the Protective Order provided the following language be added to the end of Paragraph 14 of the proposed Protective Order:

> For purposes of this paragraph, Shionogi and AZ shall be considered affiliates.

In other words, defendants would agree to the treatment of Shionogi as a separate party under the Protective Order, provided that confidential documents produced by Shionogi could be shown by defendants counsel to witnesses from the AZ Plaintiffs (and vice versa) in depositions and at trial. This is important for defendants because Shionogi (the owner of the suit patent) is likely to produce confidential documents relevant to defendants' inequitable conduct and invalidity defenses. Defendants will need to question AZ Plaintiffs' witnesses about those documents. To be required to seek permission from plaintiffs' counsel in each such case is likely to be burdensome. This requirement may also tactically advantage plaintiffs' counsel by giving them a "preview" of the documents defendants will use in depositions. According to the Complaint (D.I. No. 1), all of the plaintiffs "hold all substantial rights" in the suit patent, thus it is unlikely that Shionogi has kept information concerning the suit patent and its prosecution from the AZ Plaintiffs.

Plaintiffs submit that treating AZ and Shionogi as one entity is unduly prejudicial because it would have the effect of limiting AZ and Shionogi collectively to only three designated in-house personnel under the protective order to assist counsel in the litigation—when each of the defendant groups would be entitled to three such designated in-house personnel.



Page 3

Shionogi and AZ are entirely separate companies and are related only through the patent license granted by Shionogi to AZ to make and sell Crestor® under Shionogi's patent. As defendants acknowledge, treating AZ and Shionogi as one entity would have the further prejudicial effect of permitting defendants to indiscriminately show confidential AZ documents to Shionogi witnesses (and vice versa), which could lead to the exchange of inappropriate information. At this early stage of the litigation, it is difficult to predict the scope of discovery into sensitive commercial and other information that may be required by defendants from Shionogi and AZ. Indeed, the unlimited ability to disclose Shionogi and AZ documents that defendants seek goes far beyond what defendants themselves say they want—to use documents related to the prosecution of the patent in suit in depositions of AZ and Shionogi witnesses. As an alternative, AZ and Shionogi have proposed that Paragraph 14 of the Stipulated Protective Order state, "Nothing in this Paragraph shall prevent a Party or Third Party from giving its consent to having its CONFIDENTIAL INFORMATION disclosed to any witness during a deposition or at trial." Plaintiffs believe that this provision would fairly apply to all parties, permit confidentiality issues to be resolved on a document-by-document basis, and can be effectively implemented through the good faith of the parties and their counsel. Defendants' concerns notwithstanding, the desire to utilize "surprise" deposition tactics does not justify the blanket license that defendants seek to indiscriminately disclose sensitive information. Finally, to the extent the parties cannot reach agreement on the disclosure of a particular document, the protective order as proposed would permit the party seeking disclosure to obtain relief from the order, if appropriate.

The parties are willing to address the competing proposals by letter briefing or teleconference if the Court so desires.

Very truly yours,

|  |  |
|---|---|
| _____/s/ Mary W. Bourke_____ | _____/s/ George H. Seitz_____ |
| Mary W. Bourke | George H. Seitz |
| CONNOLLY BOVE LODGE & HUTZ LLP | SEITZ, VAN OGTROP & GREEN, P.A. |
| 1007 No. Orange Street | 222 Delaware Avenue, Suite 1500 |
| Wilmington, DE 19899 | Post Office Box 68 |
| (302) 658-9141 | Wilmington, DE 19899 |
|  | (302) 888-7602 |

cc: All counsel of record (via ECF)